Gaston, Judge,
 

 after stating the case as above, proceeded.— The constitutional question supposed to be involved in this case, has been elaborately and ably argued, both for the defendant and the state, and has bqen most deliberately considered by the Court. It seems to us, however, upon an inspection of the record, that a decision of this question is not necessary for our adjudication in the-case before us, and that it would be indecent and improper, to pronounce any opinion upon so weighty a question as the constitutionality of an act of the legisla
 
 *436
 
 ture, unless in a case where its determination was absolutely required.
 

 The enactments of the act of 1831, apply only to cases
 
 “
 
 where a free negro or free person of colour shall be
 
 convicted
 
 of an offence against the criminal laws of the state, and sentenced to pay a fine, and it shall appear to the satisfaction of the Court, that the free negro, or free person of colour so
 
 convicted,
 
 is unable to pay the fine imposed.” In these cases, and in these only, the act enjoins, that the fine shall be at least equal to the amount of the costs of prosecution, and that if he be unable to pay the fine imposed, the Court shall direct the sheriff of the county, to hire the free negro or free person of colour “ so convicted,” to any person who will pay the fine for his services for the shortest space of time.
 

 Waiving, for the present, the inquiry, whether this act be repugnant to any of the provisions in our Constitution, for securing the personal liberty of freemen, against imprisonment for debt, after ascertained insolvency, or against excessive fines, unusual punishments, or other forbidden restraints; and also whether its provisions be compatible with the power to grant pardons and reprieves, which that Constitution expressly grants to the governor of the state; all of which questions have been raised here, and are well worthy, in a fit case, of patient and mature •consideration; and assuming it to be wholly clear from constitutional objections, it is certainly an act highly penal in its character, since it compels the assessment of a fine, at least equal in amount to the costs of prosecution, upon one unable to pay it, and for any offence, however trivial in kind, or mitigated in degree; and because it provides for the collection of this fine by a rigorous procedure, not authorized against any other freeman, for any crime however atrocious. On no principle of judicial construction, therefore, can we extend its application beyond its distinct enactments.
 

 These are explicitly eonfined to cases of
 
 conviction
 
 of criminal offences. Conviction, properly so called, could only take place according to the common law, either upon confession, or verdict, or where the trial was by battle,
 
 *437
 
 ■apon recreancy. Co. Lit. 390, b. By confession is meant express confession ; where a person charged directly confesses the crime with which he is charged. Blackstone ... „ . .
 
 °
 
 accordingly states,
 
 “
 
 Conviction may accrue two ways; either by his confessing the offence and pleading guilty, or by his being found so by the verdict of his country.” 4 Bla. Com. 362. This direct confession is the highest conviction which can be, and carries with it so strong a presumption of guilt, that an entry on record,
 
 quod cognovit indictamentum,
 
 &c., in an indictment of trespass, estops the defendant to plead not guilty, to an action brought afterwards against him for the same matter. 2 Haw. 466, (B. 2, ch. 31, sec. 1 and 2.) But this is not the effect of an implied confession; as where a defendant, in a case not capital, doth not directly own himself guilty, but
 
 in a manner
 
 admits it, by yielding to the king’s mercy, and desiring to submit to a small fine, in which case, if the Court think fit to accept of such submission, and make an entry that the defendant,
 
 posuit se in gratiam regis,
 
 without putting him to direct confession or plea • (which in such cases seems to be left to discretion) the defendant shall not be estopped to, plead not guilty to an action for the same fact, as he shall be where the entry is
 
 ■quod cognovit indictamentum.
 
 Haw. ut supra, sec. 3. It is also laid down, that where a statute imposes a fine certain, upon
 
 any conviction,
 
 the Court cannot mitigate it; but if the party come in before the conviction and submits himself to the Court, they may assess a less fine, for he is
 
 not convicted,
 
 and perhaps never might be. 3 Salk, title Amei'ciaments and Fines, 38. So upon such a submission on an indictment for an' assault, a man may produce affidavits to prove
 
 son assault
 
 upon the prosecutor, fin mitigation of the fine, otherwise where the defendant is
 
 found guilty;
 
 for the entry upon the confession (that is to say, an implied confession by submission) is only
 
 non vult contendere cum'domino rege,
 
 and
 
 ponit se in gratiam curies. Queen
 
 v.
 
 Templeman,
 
 1 Salk. 55.
 

 We are of opinion that the Court below erred in rendering a judgment against the defendant, under the act of 1831 ; because the defendant not having been
 
 convicted
 
 
 *438
 
 of an offence, his case was not embraced within that act. The sentence rendered, therefore, must be reversed, and the Superior Court of Robeson be directed to render judgment Up0n the submission of the defendant as at common Jaw
 
 ;
 
 exercising its discretion according to the nature of the offence, and the circumstances of the defendant.
 

 Per Curiam. Judgment reversed.