### STATE v. ELIZABETH BURNETT.

(Filed 26 September, 1917.)

**Criminal Law—Pleas—Nolo Contendere — Admissions — Sentence — Subsequent Term.**

The plea of *"nolo contendere"* is in effect a plea of guilty so far as to permit the imposition of the sentence prescribed by the law, and where prayer for judgment has been continued upon payment of cost, it may be imposed by the court at a subsequent term, after due notice to the defendant.

Motion for judgment, heard before *Allen, J.,* at August Term, 1917, of Wayne.

The case was brought forward on motion of solicitor, and motion for judgment renewed, the defendant being present and also represented by counsel. The court sentenced the defendant to twelve months confinement in the jail of Wayne County. The defendant excepts and appeals.

*Attorney-General Manning and Assistant Attorney-General Sykes for plaintiff.*

*J. L. Barham for defendant.*

Brown, J. At the May, 1917, Term of the Superior Court of Wayne County the defendant was indicted for conducting a bawdy-house. The defendant entered a plea of *nolo contendere,* and the prayer for judgment was continued upon payment of costs. At the August, 1917, Term of the said court, on motion of the solicitor, the case was brought for-

ward and the motion for judgment renewed, the defendant being present and represented by counsel, who excepted to the motions. The exception was overruled, and after hearing the evidence, the court found as a fact that, before and after the plea of *nolo contendere,* the defendant had been guilty of continuously keeping a bawdy-house at the same place and practically in the same manner as before the submission of the plea, and that she bears a bad reputation in that respect, and also for selling whiskey.

It is contended that the effect of the plea of *nolo contendere* when accepted by the court precludes any further sentence, except such as is imposed at the time the plea is accepted, and that the payment of costs was the punishment inflicted in this case.

We are unable to agree with the learned counsel for the defendant. A plea of *nolo contendere,* which is still allowed in some courts, is regarded by some writers as a *quasi*-confession of guilt. Whether that be true or not, it is equivalent to a plea of guilty in so far as it gives the court the power to punish. It seems to be universally held that when the plea is accepted by the court, sentence is imposed as upon a plea of guilty. *Com. v. Ingersoll,* 145 Mass., 381; 12 Cyc., 354.

The only advantage in a plea of *nolo contendere* gained by the defendant is that it gives him the advantage of not being estopped to deny his guilt in civil action based upon the same facts. Upon a plea of guilty entered of record, the defendant would be estopped to deny his guilt if sued in a civil proceeding. *Com. v. Horton,* 9 Pick., Mass., 206; 12 Cyc., 354.

Speaking of this plea, the Supreme Court of Massachusetts says: "The plea of *nolo contendere* is an implied confession of the offense charged, and the judgment of conviction follows that plea as well as the plea of guilty, and it is not necessary that the court should judge that the party was guilty, for that follows by necessary legal inference from the implied confession." *S. v. Herlihy,* 102 Me., 310.

The Pennsylvania Supreme Court says: "The plea of *nolo contendere* is a mild form of pleading guilty. . . . It has the same effect as a plea of guilty so far as concerns the proceedings upon the indictment." *Buck v. Com.,* 107 Pa., 486.

So we see upon the authorities that the court had power notwithstanding the acceptance of the plea to impose the sentence fixed by law. The judgment of the court was not suspended; but even if it had been, there are circumstances under which a court may pronounce judgment in such cases. The judgment in this case was continued upon payment of the costs, which plainly gave to the solicitor the right to pray judgment at any time. Of course, notice should be given and the defendant allowed a hearing, as was done in this case.

Affirmed.