### STATE v. OSCAR EDWARD PARKER.

(Filed 26 November, 1941.)

**1. Criminal Law § 17—**

A plea of *nolo contendere* is equivalent to a plea of guilty in so far as it gives the court the power to punish, and the court may impose sentence thereon as upon a plea of guilty.

**2. Larceny § 10—**

A sentence of defendant to be confined in the common jail of the county for a period of 12 months, and assigned to work the public roads, upon defendant's plea of *nolo contendere* to a charge of stealing an automobile of the value of $325.00, is not excessive. C. S., 4249, 4251.

**3. Automobiles § 29—**

A sentence of defendant to be confined in the county jail for a term of six months, to be assigned to work on the public roads, upon defendant's plea of *nolo contendere* to a warrant charging him with the operation of an automobile upon the public highways while under the influence of intoxicating liquor, is not excessive. C. S., 2621 (286) (325), 4506.

STATE *v.* PARKER.

**4. Constitutional Law § 32—**

Where a statute fixes no maximum period of imprisonment as punishment for its violation, a sentence of imprisonment for less than two years cannot be held cruel and unreasonable.

**5. Criminal Law § 70—**

The question of the amount to be fixed for bond pending appeal is largely in the discretion of the court below. C. S., 4653.

APPEAL by defendant from *Parker, J.,* at June Criminal Term, 1941, of NEW HANOVER. Affirmed.

There is a statement of case on appeal, which it is not necessary to set forth in full. We quote in part: "The defendant was indicted under a warrant issued on the 4th day of April, 1941, for the violation of the law, by operating a motor vehicle, to wit, an automobile truck, upon the public highways in North Carolina under the influence of intoxicating liquor or narcotic drugs, and by carrying a concealed weapon upon his person while off his premises, a deadly weapon, to wit, a pistol, and was found guilty before the Recorder and appealed from the judgment rendered, to the Superior Court, having been sentenced thirty days in jail, to be assigned to the roads by the Recorder, and in addition thereto, at the same term of the Court, to wit, the May Term of the Superior Court, the defendant was indicted under a bill of indictment, found by the Grand Jury at said May Term of Court, held in the County of New Hanover, at the May Term, 1941, for the larceny of a Chevrolet automobile truck, of the value of $325.00."

The judgment sets forth the facts, as follows: (#1672) "The defendant, Oscar Edward Parker, entered a plea of *nolo contendere,* which plea the State accepts, of larceny of an automobile. In June, 1936, the defendant pleaded guilty to the larceny of an automobile, and by this Judge who is now presiding was given a sentence of 12 months on the roads, suspended for two years. In May, 1938, he was convicted of the reckless driving of an automobile, and fined and ordered to make restitution. In August, 1939, he was convicted of disorderly conduct and resisting an officer, and given 30 days on the County Farm, by the Recorder's Court. He appealed, and at the May Term, 1940, in the Superior Court, on this charge, he was fined $10.00 and costs; since the case in this Court he has been arrested for a violation of the criminal law in Brunswick County. The Judgment of the Court is that the defendant be confined in the common jail of New Hanover for a period of twelve months, and assigned to work the public roads, under the direction of the State Highway and Public Works Commission. (#1671) The defendant, Oscar Edward Parker, entered a plea of *nolo contendere* to the operation of an automobile while intoxicated. The Judgment of the Court is that

14—220

the defendant Oscar Edward Parker be confined in the common jail of New Hanover County for a term of six months, and be assigned to work the public roads under the direction of the State Highway and Public Works Commission. It is ordered that this road sentence begin at the expiration of the road sentence imposed in case #1672."

Defendant excepted, assigned errors, as set forth below, and appealed to the Supreme Court.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patlon for the State.*
*Herbert McClammy for defendant.*

CLARKSON, J. The following are the exceptions and assignments of error made by defendant: "The defendant says that his Honor erred in his judgment in sentencing the defendant to work on the public highway of North Carolina for a period of six months, as set forth in Exception No. 1. His Honor erred in sentencing the defendant to work for a period of twelve months for temporary use of an automobile when no damage or misconduct, except the use of the automobile, as set forth in Exception No. 2." Neither one can be sustained.

The defendant entered a plea of *nolo contendere* (1) for the larceny of an automobile, for which he was sentenced for twelve months; (2) to the operation of an automobile while intoxicated, for which he was sentenced six months. As set forth in the judgment, the defendant was an old offender of the laws of his State for many serious offenses, but mercy was shown him by the same judge who sentenced him in this case. The defendant in the two cases entered a plea of *nolo contendere.*

In *S. v. Burnett,* 174 N. C., 796 (797), is the following: "A plea of *nolo contendere,* which is still allowed in some courts, is regarded by some writers as a *quasi*-confession of guilt. Whether that be true or not, it is equivalent to a plea of guilty in so far as it gives the court the power to punish. It seems to be universally held that when the plea is accepted by the court, sentence is imposed as upon a plea of guilty. *Com. v. Ingersoll,* 145 Mass., 381; 12 Cyc., 354." *In re Stiers,* 204 N. C., 48 (50).

In *S. v. Wilson,* 218 N. C., 769 (774), it is written: "The court below did not exceed the limit of the statute. Within the limit of the statute the court is given the discretion to fix the punishment. We see no abuse of the discretion. As said in *S. v. Swindell,* 189 N. C., 151 (155): 'Though the punishment is great, the protection due to society is greater. The hope is to amend the offender, to deprive him of the opportunity to do future mischief, and, above all, an example to deter others.'" The value of the truck stolen was $325.00.

N. C. Code, 1939 (Michie), section 4249, is as follows: "All distinctions between petit and grand larceny, where the same has had the benefit of clergy, are abolished; and the offense of felonious stealing, where no other punishment shall be specifically prescribed therefor by statute, shall be punished as petit larceny is: Provided, that in cases of much aggravation, or of hardened offenders, the court may, in its discretion, sentence the offender to the state's prison for a period not exceeding ten years."

Section 4251: "The larceny of property, or the receiving of stolen goods knowing them to be stolen, of the value of not more than twenty dollars, is hereby declared a misdemeanor and the punishment therefor shall be in the discretion of the court," etc.

Sec. 2621 (286): "It shall be unlawful and punishable, as provided in section 2621 (325), for any person, whether licensed or not, who is a habitual user of narcotic drugs or any person who is under the influence of intoxicating liquor or narcotic drugs, to drive any vehicle upon the highways within this state."

Sec. 2621 (325): "Every person who is convicted of violation of section 2621 (286), relating to habitual users of narcotic drugs or driving while under the influence of intoxicating liquor or narcotic drugs, shall be punished by imprisonment in the county or municipal jail for not less than thirty days nor more than one year, or by fine of not less than fifty dollars ($50.00) nor more than one thousand dollars ($1,000.00), or by both such fine and imprisonment. On a second or subsequent conviction for the same offense he shall be punished by imprisonment for not more than two years or fined not more than one thousand dollars ($1,000.00), or by both fine and imprisonment, in the discretion of the court."

Sec. 4506: "Any person who shall, while intoxicated or under the influence of intoxicating liquors or bitters, morphine or other opiates, operate a motor vehicle upon any public highway or cartway or other road, over which the public has a right to travel, of any county or the streets of any city or town in this State, shall be guilty of a misdemeanor, and upon conviction shall be fined not less than fifty dollars or imprisoned not less than thirty days, or both, at the discretion of the court, and the judge shall upon conviction, deny said person or persons the right to drive a motor vehicle on any of the roads defined in this act for a period of not more than twelve months nor less than ninety days."

It is well settled that when no time is fixed by the statute, an imprisonment for two years will not be held cruel and unusual. *S. v. Driver,* 78 N. C., 423; *S. v. Miller,* 94 N. C., 904; *S. v. Farrington,* 141 N. C., 844 (845).

The defendant contends "That the judgment in this case for the operation of an automobile while under the influence of liquor, is void, for

the reason that the statute fixes the penalty of a fine of Fifty ($50.00) Dollars and the surrender of his license, and denying the defendant the right to drive an automobile for a period of twelve (12) months." We cannot so hold.

The judgment of the court below imposes an imprisonment of six months. The above statute allows this—it says "Shall be fined not less than Fifty ($50.00) Dollars or imprisoned not less than thirty (30) days." Section 4173 prescribes punishment for misdemeanors.

The defendant contends that the bail fixed by the trial judge pending appeal was excessive. This Court, in the case of S. v. Bradsher, 189 N. C., 401 (404), discussing the question of a defendant's right to bail pending appeal to the Supreme Court, said: "Defendant, T. C. Bradsher, having been convicted of a misdemeanor, appealed from the judgment of the court. The court was required by statute to allow him bail, pending the appeal. C. S., 4653. But for this statute, the allowance of bail to defendant, after conviction, would have been in the sound discretion of the court. After conviction, there is no constitutional right to bail. Article I, section 14, of the Constitution of North Carolina, in so far as it guarantees, by implication, the right to bail does not apply. 3 R. C. L., p. 15; 6 C. J., 966."

The question of bond on appeal is largely in the discretion of the court below, and we can see no abuse of discretion on the facts of record in this action.

For the reasons given, the judgment of the court below is
Affirmed.