## STATE v. ED AYERS.

(Filed 9 October, 1946.)

**Criminal Law § 17c—**

> The court may impose sentence upon a plea of *nolo contendere* as upon a plea of guilty, and defendant's contention that the court could not pronounce judgment upon such plea without first determining his guilt or innocence is without merit.

APPEAL by defendant from *Gwyn, J.,* at April Term, 1946, of AVERY.

Criminal prosecution on indictment charging violation of certain provisions of the prohibition law.

The defendant entered a plea of *nolo contendere,* and from the judgment pronounced appealed, assigning error.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Charles Hutchins for defendant.*

STATE *v.* BEASLEY.

PER CURIAM. The defendant contends that notwithstanding his plea of *nolo contendere,* the court could not pronounce judgment without determining his guilt or innocence. The contention is without merit. A plea of *nolo contendere* is equivalent to a plea of guilty, in so far as it gives the court power to punish; and the court may impose sentence thereon as upon a plea of guilty. *S. v. Parker,* 220 N. C., 416, 17 S. E. (2d), 475; *S. v. Burnett,* 174 N. C., 796, 93 S. E., 473.

Affirmed.