## STATE v. CHARLIE BEASLEY.

(Filed 9 October, 1946.)

**Criminal Law § 17c—**

Defendant's plea of *nolo contendere* establishes his guilt for the purpose of punishment, and the fact that the evidence offered by the solicitor at the request of the court to inform the court of the nature of the offense and to enable the court to fix punishment, is insufficient to establish any crime, does not entitle defendant to his discharge, the guilt of accused not being at issue.

APPEAL by defendant from *Grady, Emergency Judge,* at February Term, 1946, of JOHNSTON.

Criminal prosecution on indictments charging the defendant with the unlawful possession and use of "punch board or gambling device," and with resisting an officer.

The solicitor took a *"nol pros."* on the charge of resisting an officer, and the defendant, through counsel, entered a plea of *nolo contendere* to the remaining counts. The court thereupon requested the solicitor to offer some evidence in order that the court might know the nature of the offense, and fix the punishment.

From the judgment pronounced, the defendant appeals.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Levinson, Pool & Batton, Paul D. Grady, Jr., and R. M. Gantt for defendant.*

PER CURIAM. The defendant seeks to contend that the evidence offered, after plea, to acquaint the court with the nature of the offense fails to establish any crime, and therefore he ought to be discharged. The position is untenable. The guilt of the accused was not at issue, and the solicitor was not undertaking to make out a case. The defend-

ant's plea relieved the prosecution of this burden.  *S. v. Burnett,* 174 N. C., 796, 93 S. E., 473.

Similar questions are being resolved against the defendants in *S. v. Beasley, ante,* 577, and *S. v. Ayers, ante,* 579, herewith decided.  Hence, the subject judgment will be affirmed on authority of these cases.

Affirmed.