## STATE v. PAUL SHEPHERD.

(Filed 21 September, 1949.)

1. **Criminal Law §§ 17c, 60b—Plea of nolo contendere supports sentence for the offense charged.**

   The record recited that defendant, through his counsel, "enters a plea of *nolo contendere* and permits the court to hear the evidence and find the facts." After hearing evidence the court announced that defendant was guilty of at least two charges on his own testimony, but later stated that the court had "rendered no verdict" but was pronouncing judgment on the plea of *nolo contendere.* *Held:* The court is authorized to render judgment upon a plea of *nolo contendere* and if defendant had intended the plea to be conditional, with the ultimate issue of his guilt or innocence to be determined by the court, he had ample opportunity to request permission to withdraw his plea, and in the absence of such request the judgment is affirmed.

2. **Criminal Law § 81b—**

   The burden is upon appellant to show error against the presumption of regularity.

APPEAL by defendant from *Sink, J.,* at May Term, 1949, of ROCKINGHAM.

Criminal prosecution on indictments charging the defendant with (a) forgery and uttering and (b) embezzlement of public school funds.

The record contains the recital that the defendant, through his counsel, "enters a plea of *nolo contendere,* and permits the court to hear the evidence and find the facts."

There was a hearing before the court, both sides offering evidence, at the conclusion of which the court announced that the defendant was "guilty of at least two of the charges" on his own testimony. The court later stated, however, that he had "rendered no verdict," but was pronouncing judgment on "the defendant's plea of *nolo contendere."*

Judgment: Imprisonment in the State's Prison for not less than one nor more than two years on each charge, the judgments to run concurrently.

The defendant appeals, assigning errors.

*Attorney-General McMullan, Assistant Attorney-General Rhodes, and Forrest H. Shuford, II, Member of Staff, for the State.*

*P. W. Glidewell, Sr., and R. E. Sentelle for defendant.*

STACY, C. J. The question posed is the sufficiency of the record to support the judgment.

It must be conceded that some dubiety arises in respect of the intent, scope and purpose of the hearing before the trial court as the transcript is contradictory on the subject. The defendant contends that his plea of *nolo contendere* was a conditional one with the ultimate issue of his guilt or innocence to be determined by the court. He now concedes that such procedure was ill advised and should be held for naught. *S. v. Camby,* 209 N.C. 50, 182 S.E. 715. The court seems to have had a different understanding of the matter. However, in the absence of a request by the defendant to withdraw his plea of *nolo contendere,* we cannot say reversible error has been made to appear. He had ample opportunity in the trial court to interpose such request, if he there felt aggrieved by any misunderstanding or the turn of events.

It is true the language of the plea and the pronouncement of guilt at the conclusion of the evidence tend to support or at least to lend color to the defendant's view. These are overborne, we think, by the announcement that the court was rendering no verdict, but was pronouncing judgment on the defendant's plea of *nolo contendere,* which later statement appears without challenge or objection on the record. Thus, the case pivots on an interpretation of the record with something to be said on both sides and the defendant required to show error against a presumption of regularity. *S. v. Creech,* 229 N.C. 662, 51 S.E. 2d 348; *Cole v. R. R.,* 211 N.C. 591, 191 S.E. 353.

For purposes of judgment and disposition, a plea of *nolo contendere* has the same effect as a plea of guilty. *S. v. Ayers,* 226 N.C. 579, 39 S.E. 2d 607; *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473.

Affirmed.