### STATE v. F. D. FITZGERALD HORNE.

(Filed 19 September, 1951.)

**1. Criminal Law §§ 17c, 60b—**

Where the record discloses that a defendant, appearing *in propria persona*, entered a plea of *nolo contendere* under the impression that it was a conditional plea under which the court would find the facts and determine the question of guilt, and that thereafter defendant was given opportunity to withdraw the plea only upon intimation by the court that he would be charged with another distinct offense which the evidence tended to support, *held* the record does not support sentence upon the adjudication by the court that the defendant was guilty of the offense charged.

**2. Criminal Law § 17c—**

The law does not sanction a conditional plea of *nolo contendere.*

This opinion was written in accordance with the Court's decision and filed by order of the Court after *Chief Justice Stacy's* death.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Patton, Special Judge,* April Term, 1951, of BUNCOMBE Superior Court.

Criminal prosecution on indictment charging the defendant (1) with the larceny of a Remington-Rand typewriter, advertising list and pictures of the value of $2500, the property of Benjamin and Mary E. Dixon, and (2) with receiving same knowing it to have been stolen.

When asked how he desired to plead, the defendant, who was not represented by counsel, first stated that he desired to plead not guilty, but later informed the solicitor that "he would enter a plea of *nolo contendere* and let the Judge hear the evidence and render such judgment as the facts might warrant."

After hearing a portion of the evidence, the court observed that "the case appears to be more of a case of embezzlement than of larceny. Therefore, if the defendant chooses, I will permit him to withdraw his plea of *nolo contendere* to the present bill of indictment and I will thereupon direct that he be held and that the solicitor send a bill against him for embezzlement."

The defendant, after conferring with the solicitor, stated that he preferred to proceed with his plea of *nolo contendere* to the present bill. And after all the evidence was in, he again stated that he desired "his plea of *nolo contendere* to the charge of larceny to stand" and made no motion to strike it out.

The court, thereupon, "after hearing the evidence adjudged the defendant guilty and sentenced him to serve a term of four months" on the roads.

The defendant, having retained counsel to represent him, duly served notice of appeal.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*Geo. M. Pritchard for Defendant.*

STACY, C. J. The question for decision is whether the record supports the judgment.

In its essential features, the case is strangely similar to *S. v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79. There, the defendant contended that his plea of *nolo contendere* was a conditional one with the ultimate issue of his guilt or innocence to be determined by the court. The same contention is made here. There, it was conceded on appeal that such a plea was ill advised or improvident under the case of *S. v. Camby,* 209 N.C. 50, 182 S.E. 715. The same conclusion is made here.

While the court was constrained to uphold the judgment in the *Shepherd case* because of the state of the record, just the opposite seems appropriate here.

The defendant was *inops consilii* during the trial. True, it was made to appear to the court that "the defendant had studied law and had applied to take the examination to be permitted to practice in North Carolina." Nevertheless, he was undertaking to appear for himself which affords some measure of his prudence and sagacity. The opportunity to withdraw his plea was under the shadow of a further charge

of embezzlement. And the defendant seems to have been under the constant impression that his plea of *nolo contendere* was a conditional one. Nowhere on the record does the opposite appear. Herein lies the difference between the present case and the *Shepherd case.* It seems to fall under the *Camby case.* The law does not sanction a conditional plea of *nolo contendere.* The record presents this situation as the defendant views it: The defendant was under the impression that he had entered a conditional plea of *nolo contendere* with the court to pass upon his guilt or innocence. The judge expressed the opinion that it seemed to be more a case of embezzlement than of larceny, and offered the defendant an opportunity to withdraw his plea and later face a charge of embezzlement. The defendant was justified in believing that under his conditional plea the judge would acquit him of the charge of larceny. He therefore chose to let it stand. He evidently acted under a misapprehension.

The State, on the other hand, says that even from the defendant's own conception of the record he simply "took a chance and lost." *Stamey v. R. R.,* 208 N.C. 668, 182 S.E. 130; *Weston v. Ry.,* 194 N.C. 210, 139 S.E. 237. Maybe so, and maybe not. He certainly had a different understanding of what was going on. At least, he was guessing at its meaning.

We think the case is controlled by what was said in *S. v. Gooding,* 194 N.C. 271, 139 S.E. 436. Also obliquely pertinent is the case of *S. v. Calcutt,* 219 N.C. 545, 15 S.E. 2d 9. The matters involved—the enforcement of the criminal law and the liberty of the citizen—are worthy of exactitude and clear understanding. *S. v. Jones,* 227 N.C. 47, 40 S.E. 2d 458; *In re Parker,* 225 N.C. 369, 35 S.E. 2d 169.

Error and remanded.

NOTE: This opinion was written in accordance with the Court's decision and filed by order of the Court after *Chief Justice Stacy's* death.

VALENTINE, J., took no part in the consideration or decision of this case.