STATE v. JAMES MONROE McINTYRE.

(Filed 30 September, 1953.)

**1. Criminal Law § 17c—**

A plea of *nolo contendere* is tantamount to a plea of guilty for the purpose of the particular prosecution, and gives the presiding judge full power to pronounce judgment against the defendant for the crime charged in the indictment.

**2. Same—**

A plea of *nolo contendere* cannot be entered by a defendant as a matter of right, but is pleadable only by leave of the court.

**3. Same—**

The law does not sanction a conditional plea of *nolo contendere.*

**4. Same—**

The fact that the record discloses that upon defendant's tender of a plea of *nolo contendere* the court heard evidence and adjudged the defendant guilty, *held,* in the light of other facts appearing of record, not to support defendant's contention that the court did not accept his plea and proceeded to hear evidence and pass upon the question of defendant's guilt or innocence, but only that the court heard evidence before determining whether the plea should be accepted.

APPEAL by defendant from *Sink, J.,* at January Term 1953, of POLK.

Criminal prosecution on an indictment returned by the Grand Jury in open court, charging the defendant with violation of provisions of Chapter 407 of Public Laws 1937, now Part 10 of Chapter 20 of General Statutes, pertaining to operation of motor vehicles upon the public highways of the State, particularly in respect to speeding and reckless driving.

The record and case on appeal show that the January Term 1953 term of Polk County Superior Court convened on Monday, 26 January, 1953; that instanter capias was issued on 27 January, 1953, for defendant to answer the charge of the State against him on an indictment for speeding and reckless driving; that on 28 January, 1953, defendant entered "a plea of *nolo contendere* to the charge of reckless driving and speeding"; that "upon hearing the evidence the court adjudged the defendant guilty"; and that "on the charge of reckless driving the judgment of the court is that the defendant be confined in the common jail of Polk County for a period of sixty (60) days, to be assigned to work in and around the County property under the supervision of the High Sheriff and Jailer, and pay the costs in both actions"; and that "on the charge of speeding, prayer for judgment is continued for two years from this date, to wit, January 28, 1953, on condition that defendant violate no laws of the State of North Carolina during said two years, and on the further condition that he not operate a motor vehicle within the State of North Carolina within six months from this date, to wit, January 28, 1953."

And the record and case on appeal further shows that on the morning of 2 February, 1953, it being the second week of the January-February Term of Superior Court of Polk County, defendant moved that the judgment as above set forth be set aside upon the grounds that the plea of *nolo contendere* was interpreted by him (the defendant) as a conditional plea, —that he was not represented by counsel when the plea was entered, and no jury having passed upon his guilt or innocence.

That, thereupon, the court found these facts: "Any idea of the defendant that a plea of *nolo contendere* was a conditional plea was born of a figment of his imagination or inspired by the sentence that followed his plea"; that "upon opening of the court on Monday morning, January 26, 1953, the solicitor stated that there were a large number of drunken violations pending at this term of court, and if he were permitted to confer with defendants who desired to enter pleas during the charge of the court to the Grand Jury, he thought much time could be saved"; that "the court advised the solicitor in the presence of all who were in the court house that he would be permitted to follow his suggestion, but that pleas of submission and of *nolo contendere* would be without revocation and appeal," and that the solicitor requested that those who desired would give the names to him and retire to some place with him"; that "the court is unaware of where the solicitor went, but upon the advice of the solicitor a very large number left the court room with the solicitor"; that "this defendant was called for trial on the ordinary call of the solicitor and the court had never seen or heard of the defendant and the solicitor accepted his plea without qualification or promise and the statement that the defendant was under misapprehension of the plea is denied."

Motion for new trial is denied.

Defendant appeals to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Hamrick & Hamrick for defendant, appellant.*

WINBORNE, J.   Did the court err in denying defendant's motion to set aside the judgment rendered against him on the ground that the plea of *nolo contendere* entered by him was conditional, and so accepted by the court? This is the pivotal question, on which decision here turns. And in the light of well settled principles of law, applied to the facts disclosed by the record and case on appeal now before the court, the question must be answered in the negative.

The plea of *nolo contendere* has been interposed and accepted in numerous cases in the courts of North Carolina. The latest appeal in such case is *S. v. Cooper, ante,* 241. There the principle has been re-stated in opinion by *Ervin, J.,* in this manner: "The defendant's plea of *nolo contendere* constitutes a formal declaration on his part that he would not contend with the State in respect to the charge, and was tantamount to a plea of guilty for the purposes of this particular criminal action. Consequently, the presiding judge acquired full power to pronounce judgment against the defendant for the crime charged in the indictment . . . when he allowed the solicitor to accept the plea tendered by the defendant." Applicable cases, including *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525, are there cited, and need not be re-listed here.

But a plea of *nolo contendere* cannot be entered by a defendant as a matter of right. It is pleadable only by leave of the court. "Its acceptance by the court is entirely a matter of grace." See *S. v. Thomas, supra,* and cases cited.

Indeed, the law does not sanction a conditional plea of *nolo contendere.* *S. v. Horne,* 234 N.C. 115, 66 S.E. 2d 665; *S. v. Thomas, supra.*

In the light of these principles defendant contends that on the face of the record in the instant case, it appears that the trial court did not accept his plea, but proceeded to hear evidence and to pass upon the question of his guilt or innocence. True, the record does say that "upon hearing the evidence the court adjudged the defendant guilty." But in the light of the facts as found by the court, appearing in the record, as above set forth, it means no more than that, after defendant tendered the plea of *nolo contendere,* the court heard evidence before determining that the plea be accepted. No rule of procedure is prescribed by law governing the judge in making such determination.

The case of *S. v. Camby,* 209 N.C. 50, 182 S.E. 715, relied upon by defendant is distinguishable in factual situation from the present case.

Hence, the judgment from which appeal is taken will be

Affirmed.