ROBERT ALEXANDER WINESETT v. EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA.

(Filed 15 January, 1954.)

**1. Automobiles § 34b—**

The Department of Motor Vehicles has exclusive power to suspend or revoke a license to operate a motor vehicle.

**2. Same—**

Where the Department of Motor Vehicles suspends or revokes a driver's license under the provisions of G.S. 20-16, the Department must notify the licensee, and upon request afford him a hearing which is *de novo*, with right of appeal as prescribed by statute, and where the Department elects to proceed under this statute it may not contend that the licensee has no right of appeal because of a conviction of, or a plea of *nolo contendere* to, an offense requiring mandatory revocation of license. G.S. 20-25.

**3. Same—Plea of nolo contendere is insufficient evidence to support suspension of driver's license in proceeding under G.S. 20-16.**

Plaintiff entered a plea of *nolo contendere* in a local court to a charge of driving while under the influence of intoxicating liquor and the clerk of that court sent the record to the Commissioner of Motor Vehicles. The Department of Motor Vehicles elected to proceed in accordance with G.S. 20-16, suspended the license, granted the licensee a hearing, and denied his request that his license be returned, basing its action solely upon the record showing that licensee had entered a plea of *nolo contendere* to the charge of drunken driving. *Held:* The hearing was in another forum, and the plea of *nolo contendere* could not be used against licensee as an admission of guilt and was insufficient, standing alone, to constitute "satisfactory evidence" of defendant's guilt of the charge, and the Department's refusal to return the license was error.

**4. Criminal Law § 17c—**

While a plea of *nolo contendere* establishes defendant's guilt for the purpose of judgment in that particular prosecution, such plea cannot be considered as an admission of guilt in any other proceeding, criminal or civil.

**5. Same—**

A plea of *nolo contendere* cannot be entered as a matter of right, but is pleadable only by leave of the court, and both the court and the prosecuting attorney may decline to accept such plea in cases where the due administration of justice might be improperly affected.

**6. Automobiles § 34b: Criminal Law § 62f—**

While the Department of Motor Vehicles is given the exclusive authority to suspend or revoke a driver's license, a court, either upon a plea of guilty or *nolo contendere*, may make the surrender of defendant's driver's license a condition upon which prison sentence or other penalty is suspended.

PARKER, J., concurring.

APPEAL by respondent from *Bone, J.,* October 12, 1953, from WASHINGTON. Affirmed.

This was a civil proceeding under G.S. 20-16 to review an order of the Commissioner of Motor Vehicles suspending for one year the operator's license of the petitioner.

The petitioner filed his petition in accord with the provisions of the statute before Judge Bone, resident judge of the Second Judicial District, setting forth the following material facts:

The petitioner is a resident of Washington County. A motor vehicle operator's license was duly issued him by the Commissioner of Motor Vehicles and this license has not expired. On 26 June, 1953, the petitioner was arraigned in the Trial Justice Court of Pasquotank County charged with operating a motor vehicle while under the influence of intoxicating liquor and petitioner entered a plea of *nolo contendere,* which plea was accepted by the prosecuting officer of the court and by the court. Following the rendition of judgment therein the clerk of that court sent a record thereof to the Commissioner of Motor Vehicles which record showed that petitioner had pleaded *nolo contendere.* Thereafter the respondent served notice on petitioner that his motor vehicle operator's license had been suspended for one year, the notice showing that the cause of suspension was under G.S. 20-16 for that the petitioner had "committed an offense for which mandatory revocation of license is required upon conviction."

The respondent Commissioner of Motor Vehicles exercised his authority in the premises solely upon the record that petitioner had entered a plea of *nolo contendere.* Thereafter petitioner filed with respondent request for hearing, which was subsequently granted, and at said hearing the only evidence before the hearing officer was the record that petitioner had entered plea of *nolo contendere* in the Trial Justice Court of Pasquotank County. Petitioner objected to said record being used against him, but the hearing officer overruled his objection and concluded that the record afforded satisfactory evidence that petitioner had committed an offense for which mandatory revocation of license was required upon conviction, and thereupon denied petitioner's request that his license be returned. Petitioner alleged the action of respondent was erroneous and without authority of law.

The respondent filed answer in which he admitted the facts alleged but maintained that his action in the premises was lawful and proper, and that the record of petitioner's plea of *nolo contendere* to the charge of operating a motor vehicle while under the influence of intoxicating liquor was satisfactory evidence that petitioner had committed the offense charged.

Judge Bone found the facts to be substantially as alleged and that "all of the actions of respondent were taken and based solely upon the showing that petitioner entered the plea of *nolo contendere* as herein set out." Thereupon it was adjudged that the action of the respondent in suspending petitioner's operator's license and denying his request for return thereof was without authority of law, and that petitioner was entitled to return of his license.

Respondent excepted and appealed.

*Bailey & Bailey for petitioner, appellee.*

*Attorney-General McMullan and Samuel Behrends, Jr., Member of Staff, for respondent, appellant.*

DEVIN, C. J. The appeal of the Commissioner of Motor Vehicles presents for decision the question whether the record that the petitioner in a local court in Pasquotank County had entered a plea of *nolo contendere* to the charge of driving a motor vehicle while under the influence of intoxicating liquor was alone satisfactory evidence in a hearing before the Commissioner under G.S. 20-16, and authorized the Commissioner to suspend his driver's license and to deny his plea for its return.

The statutes regulating the operation of motor vehicles on the highways created the Department of Motor Vehicles and gave to this department the exclusive power to suspend or revoke driver's license for the causes set out in the statutes. *S. v. Warren,* 230 N.C. 299, 52 S.E. 2d 879.

Section 20-16 of the General Statutes provides that the Department of Motor Vehicles "shall have authority to suspend the license of any operator or chauffeur without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee . . . has committed an offense for which mandatory revocation of license is required upon conviction."

By subsection (c) of this section (G.S. 20-16) it is provided that upon suspending the license of any person as authorized by this section, the department shall notify the licensee, and upon his request shall afford him a hearing. Upon such hearing the duly authorized agent of the department may administer oaths, issue subpoenas and hear evidence, and may rescind or extend the order of suspension. The effect of this subsection is that all suspensions and revocations of driving licenses under this section (G.S. 20-16), made in the discretion of the department, are reviewable by the method prescribed. *In re Wright,* 228 N.C. 584, 46 S.E. 2d 696. The hearing under this section is *de novo. In re Wright,* 228 N.C. 301, 45 S.E. 2d 370.

Section 20-24 of the General Statutes provides in subsection (b) that every court having jurisdiction of offenses committed in violation of laws

relating to the operation of motor vehicles on the highways shall forward to the Department a record of the conviction of any person thereunder.

Section 20-17 of the General Statutes, which is codified under the heading "Mandatory revocation of license by Department," provides that the Department of Motor Vehicles "shall forthwith revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for . . . driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug."

G.S. 20-25 provides for right of appeal to the courts in all cases where license has been denied, suspended or revoked, "except where such cancellation is mandatory under the provisions of this article," and prescribes the machinery for the exercise of the right of appeal by filing petition for hearing in the Superior Court or before the resident judge of the District, and thereupon the court or judge is vested with jurisdiction to hear and determine the question.

Thus it would seem that the mandatory revocation prescribed by G.S. 20-17 in consequence of conviction for driving a motor vehicle while under the influence of intoxicating liquor is not reviewable under G.S. 20-25. *In re Wright, supra.*

But, in this case, it expressly appears from the record that the respondent proceeded under G.S. 20-16, and that the record before him showed that the petitioner had entered a plea of *nolo contendere* to the charge in the Pasquotank County Court. It was also admitted that the petitioner's request for a hearing was granted and that on the hearing respondent acted solely on the record furnished him by the Pasquotank Court and upon that denied petitioner's plea.

Judge Bone was of opinion that the ruling of respondent in the proceeding before him, based on the showing of a plea of *nolo contendere* in the Trial Court of Pasquotank County, was erroneous, and entered judgment accordingly.

The respondent's appeal brings the case here for review.

Unquestionably under the statute quoted the department had authority to suspend the petitioner's license to operate a motor vehicle without preliminary hearing upon a showing by its record or other satisfactory evidence that he had been convicted of the offense with which he was charged in the Pasquotank Court. G.S. 20-16 (a) 1. The department, however, proceeded upon notice, in accordance with the statute, G.S. 20-16, in view of the record of petitioner's plea in the Trial Court, and granted him a hearing. Petition to the resident judge of his District was in the nature of an appeal from an adverse ruling on that hearing. This raised the question whether in this proceeding the fact that he had pleaded *nolo contendere* in the criminal action in Pasquotank County could be used against him. We observe that the record which was agreed

to by the State denominates this proceeding as a "civil action." Certainly it was a different proceeding in another forum. The established rule in this jurisdiction is that a plea of *nolo contendere* does not estop the defendant to deny his guilt in a civil action based on the same facts. *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473. Nor can this plea be used against him as an admission in an action in the nature of a civil action, or as an admission in any other criminal action. *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525; *In re Stiers,* 204 N.C. 48, 167 S.E. 382. Hence it would seem that petitioner's objection to the use in this proceeding of his plea in the criminal case in Pasquotank County should have been sustained, and the respondent's conclusion based solely thereon was without legal foundation.

However, it is urged by the respondent that under the statutes G.S. 20-16 and G.S. 20-17 the offense of driving an automobile on the highway while under the influence of intoxicating liquor is one "for which mandatory revocation of license is required upon conviction," and that the provisions for review of the order of the Commissioner under G.S. 20-25 expressly excludes cases where revocation is mandatory upon conviction. In such case the action of the Commissioner is not reviewable under G.S. 20-25. *In re Wright, supra.* But the record states the proceedings were under G.S. 20-16, which provides for a review. In such rehearing the plea of *nolo contendere* is not equivalent to a conviction or a confession of guilt. *In re Stiers,* 204 N.C. 48, 167 S.E. 382.

The statute G.S. 20-16 declares that the authority of the department to suspend or revoke an operator's license must be based upon showing by the record or other satisfactory evidence that the licensee has committed an offense which upon conviction requires mandatory revocation of license. The statute uses the phrase "satisfactory evidence." Satisfactory evidence is such as a reasonable mind might accept as adequate to support a conclusion. It is equivalent to sufficient evidence, which is defined "to be such evidence as in amount is adequate to justify the court or jury in adopting the conclusion in support of which it was adduced." 32 C.J.S. 1043.

The plea of *nolo contendere* to a criminal charge or indictment is one which has long been recognized by the courts of this State. It means "I will not contest it." Black's Law Dictionary; 66 C.J.S. 598. By it the defendant says merely, "I do not wish to contend with the State." *S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695. When accepted by the prosecution and approved by the Court it ends the case and subjects the defendant to the judgment of the court as if guilt had been confessed. But this plea has a double implication. So far as the court is concerned, in that court and in that particular case, it authorizes judgment as upon conviction by verdict or plea of guilt. *S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695.

But so far as the defendant is concerned, he is at liberty in all other proceedings, civil and criminal, to assert his innocence, and his plea may not be considered as an admission of guilt. *In re Stiers, supra; S. v. Thomas, supra.* So it would seem to be the established rule that it requires more than the record of a plea of *nolo contendere* to constitute conviction in all respects in so far as the pleader is concerned.

In this connection we think it proper to call attention to the fact that it is not required of the solicitor or other prosecuting officer, or the Trial Court, to accept the proffered plea of *nolo contendere.* The plea cannot be entered as a matter of right but is pleadable only by leave of the court. *S. v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698. Both the court and the prosecuting attorney may well decline to accept such plea in cases where the due administration of justice might be improperly affected, for when the plea is accepted it is accepted with all the implications and reservations which under the law and accurate pleading appertain to that plea. It may be noted in this connection that there is authority for holding that a defendant may be impeached by cross-examination in another proceeding by being asked if he had not pleaded *nolo contendere* to a criminal charge (58 A.J. 397); and that the plea may be regarded as such a conviction as would warrant severer punishment as a second offense. 25 A.J. 265.

The reasoning upon which the decisions in *In re Stiers* and *S. v. Thomas* were made to rest would seem to be decisive of the question of the effect of an accepted plea of *nolo contendere.*

In the *Stiers case* the defendant, an attorney at law, pleaded *nolo contendere* to an indictment charging embezzlement. Under the statutes then in force disbarment proceedings predicated upon conviction for a felony were instituted. But this Court held that the fact that he had pleaded *nolo contendere* could not be used against him in a disbarment proceeding predicated on conviction for a felony. The Court held that a plea of *nolo contendere* does not amount to a conviction or confession in open court. "The mere introduction of a certified copy of the indictment, and judgment thereon, based upon a plea of *nolo contendere,* is not sufficient to deprive an attorney of his license." And in the *Thomas case* the rule was extended to embrace other criminal actions as well as civil proceedings based on the same facts, and it was held the plea could not in another proceeding be construed as an admission of guilt.

The question here presented has been considered by this Court in numerous cases and the decisions thereupon tend to support the ruling below. *S. v. Oxendine,* 19 N.C. 435; *S. v. Burnett,* 174 N.C. 796, 93 S.E. 473; *In re Stiers,* 204 N.C. 48, 167 S.E. 382; *S. v. Parker,* 220 N.C. 416, 17 S.E. 2d 475; *S. v. Ayers,* 226 N.C. 579, 39 S.E. 2d 607; *S. v. Beasley,* 226 N.C. 580, 39 S.E. 2d 607; *S. v. Stansbury,* 230 N.C. 589, 55 S.E. 2d

185; *S. v. Jamieson,* 232 N.C. 731, 62 S.E. 2d 52; *S. v. Horne,* 234 N.C. 115, 66 S.E. 2d 665; *S. v. Thomas,* 236 N.C. 196, 72 S.E. 2d 525; *S. v. Cooper,* 238 N.C. 241, 77 S.E. 2d 695: *S. v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698; 152 A.L.R. 280.

The rules laid down by this Court in the cases cited have been discussed with reference to the effect of the plea of *nolo contendere* in a subsequent proceeding in a different forum. These cases do not restrict the power of the court in which the plea is accepted to render any proper judgment in the same case. If the suspension or revocation of the pleader's right to operate a motor vehicle on the highway were a part of the judgment in the case in which the plea was tendered the defendant would have no cause for complaint. But the statutes have now placed this authority exclusively in the Department of Motor Vehicles, though surrender of driver's license might be by the court made a condition, agreed to by defendant, upon which prison sentence or other penalty is suspended, whether the plea be guilty or *nolo contendere.*

The record of a plea of *nolo contendere* in the criminal action in the Pasquotank Court was not competent in this proceeding under G.S. 20-16 as an admission of guilt, nor should it be held to constitute sufficient evidence to sustain the ruling of the respondent. Hence we think the respondent was in error in denying petitioner's plea. The efforts of the Commissioner of Motor Vehicles to discourage violations of the statutes regulating the operation of motor vehicles on the highways by the revocation of drivers' licenses in all cases authorized by the statutes are to be commended. The operation of a motor vehicle on the highway by one under the influence of intoxicating liquor constitutes a menace to the most circumspect user of the public highways. However, the right to operate a motor vehicle on the highway by a licensed operator is granted by the State, and one should not be deprived of this right except as authorized by statute, in accordance with prescribed procedure, and in accord with the established rules of law.

For the reasons stated we conclude that the court below has properly interpreted the rule as to the effect of an accepted plea of *nolo contendere* when considered in connection with G.S. 20-16, and that the judgment rendered must be

Affirmed.

PARKER, J., concurring: I concur in the scholarly opinion written by our beloved and illustrious *Chief Justice,* who has served the State so long and so ably to the admiration and satisfaction of all our people. I have known him all my life.

I agree with the statement that a plea of *nolo contendere* cannot be used in a subsequent proceeding in a different forum, and that such a

plea was not competent in this proceeding under G.S. 20-16 as an admission of guilt, nor should it be held to sustain the ruling of the respondent. However, a plea of *nolo contendere* "is equivalent to a plea of guilty in so far as it gives the court the power to punish. It seems to be universally held that when the plea is accepted by the court, sentence is imposed upon a plea of guilty." *In re Stiers*, 204 N.C. 48, 167 S.E. 382.

G.S. 20-24, subsection (a), provides that whenever any person is convicted of any offense for which this article makes mandatory the revocation of the license of such person by the Department of Motor Vehicles, the court in which such conviction is had shall require the surrender to it of the license then held by the person so convicted, and the court shall forward the same together with a record of such conviction to the Department.

G.S. 20-17, which is captioned "Mandatory Revocation of License by Department," states that the Department shall forthwith revoke the license of a person upon receipt of a record of such person's conviction, when such conviction has become final, for driving a motor vehicle while under the influence of intoxicating liquor.

All the authorities agree that when a plea of *nolo contendere* is accepted by the court, sentence is imposed as upon a plea of guilty by the court accepting the plea. Mandatory revocation of license is part of the punishment for driving an automobile while under the influence of intoxicating liquor. When the court in Pasquotank County accepted the defendant's plea of *nolo contendere*, G.S. 20-24, subsection (a), required it to take up the license of the petitioner and to forward the same together with a record of the plea to the Department. Upon receipt of such license and record by the Department, G.S. 20-17 requires a mandatory revocation of the defendant's license. Such mandatory revocation by the Department seems to me to be as much the performance of a ministerial duty in the petitioner's case in Pasquotank County, as the Clerk of the Court in Pasquotank County entering the judgment of the court in the case in the Minutes of that Court. I think it is the same case, the same proceeding, the same forum.

Therefore, in my opinion, it is the duty of the Department now to revoke the petitioner's license under G.S. 20-17; and under said statute to revoke the licenses of all persons who have entered pleas of *nolo contendere* to a charge of driving an automobile while under the influence of intoxicating liquor, upon receipt of a record from a court in the State showing such a plea was entered.