STATE OF NORTH CAROLINA v. GROVER CLEVELAND NORMAN (2
CASES: 68-7587 AND 68-7588 HEARD TOGETHER)

No. 6925SC298

(Filed 27 August 1969)

**1. Constitutional Law §§ 29, 37— criminal prosecution — necessity
for jury trial**

The courts of this State have no power, even by consent, to try a de-
fendant in a criminal prosecution for a felony and determine his guilt or
innocence without a jury. Article I, § 13, N. C. Constitution.

**2. Criminal Law § 23— plea of guilty**

A plea of guilty to a valid warrant or indictment, if voluntarily and
understandingly entered, is equivalent to conviction, no other proof of
guilt being required, and the court has power to impose sentence thereon.

**3. Criminal Law § 25— plea of nolo contendere**

A voluntary plea of nolo contendere, when accepted by the court, is
equivalent to a plea of guilty insofar as the court's authority to impose
sentence is concerned.

**4. Criminal Law §§ 23, 25— conditional plea of guilty or nolo con-
tendere**

A valid sentence may not be imposed upon a conditional plea of guilty
or nolo contendere.

**5. Criminal Law § 25— pleas of nolo contendere — whether pleas con-
ditionally accepted — authority of court to pronounce judgment**

Although the record discloses that upon defendant's tender of pleas of
nolo contendere through counsel the trial court questioned defendant as to
whether he wanted to enter "a plea of nolo contendere to all of these
charges and permit the judge to try the case, to hear the facts and to de-
termine whether or not you are guilty or not guilty," and that the court
proceeded to hear the evidence and pronounce judgment, the trial court
had authority to render judgment for the crimes charged where the record
as a whole shows that the court heard evidence, not for the purpose of de-
termining defendant's guilt or innocence, but for the purpose of fixing pun-
ishment, and that judgment was entered and sentence was imposed on de-
fendant's pleas of nolo contendere, not on any finding of guilt by the court.

**6. Criminal Law § 25— pleas of nolo contendere — consideration of
evidence — punishment**

Defendant's pleas of nolo contendere establish his guilt of the offenses
charged in the indictments and relieve the prosecution of the burden of
making out a case against him, evidence heard by the court being consid-
ered only in fixing punishment.

APPEAL by defendant from Burgwyn, J., March 1969 Session of
BURKE Superior Court.

Criminal prosecutions on indictments consolidated for trial charg-

ing defendant with (1) felonious breaking and entering and felonious larceny and (2) armed robbery. Upon arraignment, the following occurred:

> Defendant's counsel: "If the Court please, I have talked with Mr. Norman and we will agree that the Court hear this and dispense with a jury trial."

> The court: "What kind of plea are you giving me, nolo contendere?"

> Defendant's counsel: "Nolo contendere, if the Court will accept it, sir."

> The court: "All right, sir."

The record and transcript show that defendant thereupon entered a plea of nolo contendere to all charges against him. The court then addressed the defendant as follows:

> The court: "You hear what your lawyer said? You wanted to enter what is known as a plea of nolo contendere to all of these charges and permit the judge to try the case, to hear the facts and determine whether or not you are guilty or not guilty. You do that freely and voluntarily of your own free will and accord without any coercion on his part or part of anyone?"

The defendant answered "Yes." Evidence was then introduced which indicated that the defendant, while not having himself broken and entered and not having himself physically committed the armed robbery, had advised and procured two young men to do these acts, had taken them to the scenes of the respective crimes in his automobile, and had later picked them up. During introduction of this evidence defendant's counsel objected to a question asked of a witness by the solicitor, whereupon the court said: "He is showing the disposition of the man on a plea. Go ahead."

At the conclusion of the evidence the court entered judgment finding that defendant through counsel had "announced that he desired to enter a plea of nolo contendere to the charge of breaking and entering and larceny, and also to the charge of armed robbery. . . ." and "(t)he Court finds as a fact that the said plea was voluntarily made without fear or compulsion. . . ." The court then proceeded to make detailed findings of fact relative to defendant's activities in advising and procuring the two young men to commit the crimes and relative to the part defendant had played in the actual commission of the offenses, at the conclusion of which the court found as a fact that defendant was guilty of the crimes charged and "that he is

equally guilty with them, as principals, in that he suggested, also that he participated .in it. . . ." The court then imposed sentence in each case. Defendant's motions in arrest of judgment and to set the judgment aside were overruled, and defendant excepted and appealed, assigning error.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis, and Trial Attorney J. Bruce Morton, for the State.*
*C. David Swift for defendant appellant.*

PARKER, J.
Article I, § 13, of the Constitution of North Carolina provides:
"No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful persons in open court. The Legislature may, however, provide other means of trial, for petty misdemeanors, with the right of appeal."

**[1-4]** By virtue of this constitutional provision the courts of this State have no power, even by consent, to try a defendant in a criminal prosecution for felony and determine his guilt or innocence without a jury. *State v. Stewart,* 89 N.C. 563. This is so even where the facts may be agreed to by the defendant and the State. *State v. Holt,* 90 N.C. 749. Of course, a plea of guilty to a valid warrant or indictment, if voluntarily and understandingly entered, is equivalent to conviction, no other proof of guilt being required, and the court has power to impose sentence thereon. *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591; *State v. Wilson,* 251 N.C. 174, 110 S.E. 2d 813. Similarly, a voluntary plea of nolo contendere, when accepted by the court, is equivalent to a plea of guilty insofar as the court's authority to impose sentence in that particular case is concerned. *State v. Worley,* 268 N.C. 687, 151 S.E. 2d 618; *State v. Ayers,* 226 N.C. 579, 39 S.E. 2d 607. But a valid sentence may not be imposed upon a conditional plea of guilty or of nolo contendere, and a statute purporting to authorize entry of such a plea and granting the court power thereupon to hear and determine the matter without a jury has been held unconstitutional as contravening Article I, § 13, of our State Constitution. *State v. Camby,* 209 N.C. 50, 182 S.E. 715.

**[5]** Appellant contends that the record in the present case is such as to compel the conclusion that his plea of nolo contendere was accepted only conditionally by the trial judge, who thereupon proceeded to act as both jury and judge in finding defendant guilty and entering judgment upon that finding. Had that been the case, certainly the court would have exceeded its powers. *State v. Barbour,*

243 N.C. 265, 90 S.E. 2d 388; *State v. Horne,* 234 N.C. 115, 66 S.E. 2d 665. We do not, however, so read the record. While we must concede that the court's question directed to the defendant immediately after entry of his plea would, standing alone, support appellant's contention, the record as a whole clearly indicates that the court in hearing evidence did so, not for the purpose of determining defendant's guilt or innocence, but solely to aid the judge in fixing punishment. The plea had already been unconditionally tendered and accepted before the question was asked. During the course of hearing evidence the court brushed aside an objection interposed by defendant's counsel, stating: "He (the solicitor) is showing the disposition of the man on a plea," thus clearly indicating that the judge was applying the evidence solely to the matter of sentencing. The judgment itself referred explicitly to the entry of the plea of nolo contendere by the defendant through his counsel prior to the selection of a jury, and while the judgment did contain a finding that the defendant was guilty, this finding came after detailed findings as to the defendant's activities in inducing two young men to enter upon a course of crime and is included in a finding "that he is equally guilty with them." And, finally, nothing in the judgment imposing sentence as it appears in the record indicates that it was being entered upon a finding of guilt by the court rather than upon defendant's plea. Indeed the record more nearly supports the opposite conclusion, since the court in the opening paragraph of the judgment took care to recite the voluntary entry of the plea by defendant's counsel. What was said by Stacy, C.J. in *State v. Shepherd,* 230 N.C. 605, 55 S.E. 2d 79, is pertinent here: "Thus, the case pivots on an interpretation of the record with something to be said on both sides and the defendant required to show error against a presumption of regularity." That case, like the present one, presented the question of the sufficiency of the record to support the judgment when the court, following a plea of nolo contendere, had heard evidence and had then announced the defendant guilty. The Supreme Court, in the face of some contradictions in the record as to the intent and purpose of the hearing before the trial judge, affirmed the judgment.

In *State v. Jamieson,* 232 N.C. 731, 62 S.E. 2d 52, the minute docket of the trial showed that defendant, through counsel, tendered a plea of nolo contendere, which plea was accepted by the State and thereupon the court entered judgment imposing sentence. On the other hand the case on appeal stated that "the defendant entered a plea of nolo contendere and agreed that the judge should hear the evidence, find the facts, and render such verdict as the tes-

timony indicated." In the face of these contradictions the Supreme Court affirmed the judgment imposing sentence, citing *State v. Shepherd, supra.*

In *State v. McIntyre,* 238 N.C. 305, 77 S.E. 2d 698, also a case in which defendant had pleaded nolo contendere, the defendant on appeal contended that on the face of the record it appeared that the trial court did not accept his plea, but proceeded to hear evidence and to pass upon the question of his guilt or innocence. The Supreme Court, affirming the judgment against defendant, said:

> "True, the record does say that 'upon hearing the evidence the court adjudged the defendant guilty.' But in the light of the facts as found by the court, appearing in the record, as above set forth, it means no more than that, after defendant tendered the plea of *nolo contendere,* the court heard evidence before determining that the plea be accepted. No rule of procedure is prescribed by law governing the judge in making such determination."

*State v. Barbour* and *State v. Horne, supra,* are distinguishable from the present case. In *Horne* the defendant was not represented by counsel and the record disclosed that the defendant seemed to have been under the constant impression that his plea of nolo contendere was a conditional one. In *Barbour* the record disclosed that judgment had been imposed on the verdict of guilty found by the judge, not upon the plea of nolo contendere. In both cases the judgment was reversed. The record in the present case in our opinion brings it more nearly within the situations presented in *State v. McIntyre, State v. Jamieson,* and *State v. Shepherd, supra.*

[6]   Appellant finally contends he is entitled to a reversal for that the indictments charged him with commission of different crimes than the offenses for which the court in its judgment found him guilty and imposed sentence. As stated above, however, the judgment was entered and sentence was imposed on defendant's plea, not on any finding of guilt by the judge. The defendant's guilt of the offenses charged in the indictments was not at issue; his plea settled that matter and relieved the prosecution of the burden of making out a case against him. *State v. Beasley,* 226 N.C. 580, 39 S.E. 2d 607. The only matter at stake at the hearing was the question of punishment, and the court properly heard evidence to aid it in fixing punishment.

The judgment appealed from is
Affirmed.

MALLARD, C.J., and BRITT, J., concur.