FRANK WILSON CARMICHAEL *v.* EDWARD SCHEIDT, COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA.

(Filed 28 January, 1959.)

**1. Automobiles § 2—**

A driver whose license is suspended, canceled or revoked by the Department of Motor Vehicles in the exercise of its discretion is entitled to judicial review.

**2. Same—**

It is mandatory for the Department of Motor Vehicles to suspend or revoke the license of any operator or chauffeur upon receiving a record of his conviction in a North Carolina court for operating a motor vehicle while under the influence of intoxicating liquor or a narcotic drug, G.S. 20-17(2), and there is no right of judicial review when the revocation is mandatory.

**3. Same—**

It is discretionary with the Department of Motor Vehicles whether to suspend or revoke the license of any operator or chauffeur upon receiving notice of the conviction of such person in another state for an offense which, if committed in this State, would be grounds for the revocation or suspension of the license.

**4. Same— Licensee is entitled to judicial review of order permanently revoking license which is based in part on out-of-state conviction.**

Where order of the Department of Motor Vehicles permanently revoking the license of a driver for a third conviction of such driver for operating a motor vehicle while under the influence of intoxicating liquor, is based in part upon notice of the licensee's conviction of that offense in another state, the licensee has the right to show, if he can, that the proceedings in such other state were irregular, invalid and insufficient to support the reported conviction, and is entitled to a hearing *de novo* in the Superior Court upon his petition for review. The sustaining of a demurrer to such petition is error, petitioner being entitled to an adjudication of the validity of the out-of-state conviction in order to determine whether the revocation should be permanent or for the period of time prescribed by G.S. 20-19(b).

**5. Same—**

The beginning date of the term of suspension of a driver's license, and likewise the effective date of the permanent revocation of such license for a conviction of a third offense, cannot be earlier than the dates of the respective convictions and cannot be computed as of the date the respective offenses were committed.

APPEAL by petitioner from *Bone, J.,* August Civil Term, 1958, of ROBESON.

The petitioner filed his petition in the Superior Court of Robeson County in which he seeks to have the trial and conviction of the offense of driving drunk on 1 October 1956 in the County Court of

Carroll County, Virginia, declared null and void on the grounds that (1) there was nothing in the warrant served on him that gave the time, date, or place of trial; (2) that he was never notified of the date or place when and where the trial was to be held; and (3) that if this Court holds that the conviction in Carroll County Court of Virginia is legal and binding on the petitioner, that the respondent be directed to consider the right of revocation thereunder discretionary rather than mandatory, as provided in G.S. 20-23, and that the original date of revocation, as alleged in the petition, to wit, 29 August 1956, be declared as the proper date of revocation rather than 29 October 1956 as set forth in the "Corrected Notice" of 18 November 1957.

The petitioner concedes that for the purpose of this petition the respondent has received in his office of the Department of Motor Vehicles, hereinafter called Department, records of convictions of the petitioner of the following offenses:

(1) "Driving drunk on July 14, 1953, in the Criminal Court for Scotland County, Laurinburg, North Carolina, in violation of Section 20-17 (2) of the General Statutes of North Carolina.

(2) "Driving drunk on the 29th day of August 1956, in the Superior Court of Union County in Monroe, North Carolina, in violation of Section 20-17 (2) of the General Statutes of North Carolina.

(3) "Driving drunk on the 6th day of September 1956, in the Mayor's Court in the Town of Tatum, South Carolina.

(4) "Driving drunk on October 1, 1956, in the County Court of Carroll County, State of Virginia, in violation of Sections 46-416 and 46-59 of the Code of Virginia of 1950.

(5) "Driving drunk on the 29th day of October 1956, in the Superior Court of Union County in Monroe, North Carolina, in violation of Section 20-17 (2) of the General Statutes of North Carolina."

On 10 September 1956 the respondent notified the petitioner of the revocation of his license as of 29 August 1956, for a period of one year, based on the record of the driving drunk conviction on said date in the Union County Superior Court.

On 25 September 1956 the Department notified the petitioner of the revocation of his driver's license as of 6 September 1956, for a period of three years from said date, based on the petitioner's conviction of driving drunk in the Mayor's Court in the Town of Tatum, South Carolina, said conviction being designated a "second offense."

Thereafter, on 16 January 1957 the Department notified the petitioner of the revocation of his driving privileges in North Carolina on a "permanent basis" from 1 October 1956, on the Virginia conviction, the notice designating the conviction a "third offense."

On 19 January 1957 the petitioner requested a hearing as provided in section 20-16 (c) of the General Statutes of North Carolina. A hearing was granted and the revocation affirmed as set out in the notice of 16 January 1957.

Again in October 1957, the petitioner, on what was alleged to be newly discovered evidence, requested another hearing, which was allowed. The rehearing was held on 5 November 1957 which resulted in the Department's adherence to its previous order and notice dated 16 January 1957.

In the meantime, at the request of the petitioner, the Department turned the entire file and records in this case over to the Attorney General for study and review.

In the hearing on 5 November 1957 the Laurinburg conviction was brought to light and certified to the Department on 18 November 1957; in the meantime, the driving drunk conviction of 29 October 1956, in the Superior Court of Union County, had been certified to the Department.

The petitioner contends that the 29 August 1956 conviction in Union County and the 29 October 1956 conviction in that County involved the same case. (We find nothing in the record to support this contention.)

Upon advice of the Attorney General's office, the South Carolina conviction in question was voided (the reason therefor is not revealed by the record). Consequently, the order of 16 January 1957 was set aside and a "Corrected Notice" of permanent revocation, effective as of 29 October 1956, was sent to the petitioner, based on the 1953 Laurinburg conviction, the 1 October 1956 Virginia conviction, and the 29 October 1956 Union County conviction. Petitioner's hearing for relief from said permanent revocation of his driving privileges was continued from time to time until it was finally concluded in a letter from the respondent dated 31 December 1957 and the petition for review was filed in the Superior Court within thirty days therefrom.

This cause came on for hearing in the Superior Court and the respondent demurred *ore tenus* to the petition on the grounds that, the court did not have jurisdiction for that the petition reveals on its face that the records of the Department show that the petitioner had been convicted of driving drunk on three or more occasions; that the last conviction occurred on 29 October 1956; and that the permanent revocation of the operator's license of the petitioner was mandatory.

Whereupon, the court sustained the respondent's demurrer *ore tenus* and entered judgment dismissing the proceeding and directing the Clerk of the Court to tax the petitioner with the costs. The petitioner appeals, assigning error.

*Attorney General Seawell, Ass't. Attorney General Pullen, for Department of Motor Vehicles, respondent.*
*Joe M. Cox for petitioner.*

DENNY, J.  The question presented on this appeal is whether or not the court below committed error in sustaining the respondent's demurrer *ore tenus.*

This Court held in *In re Wright,* 228 N.C. 301, 45 S.E. 2d 370 and in s.c. on rehearing, 228 N.C. 584, 46 S.E. 2d 696, that a petitioner is entitled to a review whenever the suspension, cancelation, or revocation is made in the discretion of the Department, whether under G.S. 20-16, G.S. 20-23, or any other provision of the statute.

It is mandatory under the provisions of G.S. 20-17 (2) for the Department to revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for "driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug." This mandatory provision applies only to a conviction in a North Carolina court.

G.S. 20-23 provides: "The Department is authorized to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another state of any offense therein which, if committed in this State, would be grounds for the suspension or revocation of the license of an operator or chauffeur."

The Department was clearly within its rights when it permanently revoked the license of the petitioner based on the information before it with respect to the Laurinburg conviction, the Virginia conviction, and the Union County conviction. *In re Wright,* 228 N.C. 301, 45 S.E. 2d 370. However, it must be kept in mind that the Department, under the provisions of G.S. 20-23, is merely authorized, not directed, to suspend or revoke the license of any resident of this State upon receiving notice of the conviction of such person in another state of any offense therein which, if committed in this State, would be grounds for the suspension or revocation of the license of an operator or chauffeur.

The fact that the Department in the exercise of its discretion accepted the certification of the Virginia conviction at its face value, did not foreclose the petitioner's right to review as provided in G.S. 20-25. *In re Wright, supra,* on rehearing. In other words, our General Assembly has never made it mandatory on the Department to suspend or revoke the license of a resident of this State based on the conviction of such person in another state of any offense therein which, if committed in this State, would make the revocation mandatory.

The petitioner has the right to show, if he can, that the Virginia

proceedings were irregular, invalid, and insufficient to support the reported conviction. If he succeeds in doing so, he would be entitled to have the permanent revocation canceled and the revocation limited to a period of three years, as provided in G.S. 20-19 (d), unless, at that time, it should be determined that the petitioner had been convicted three times for driving while under the influence of intoxicating liquor or a narcotic drug, exclusive of the Virginia conviction.

If upon review in the Superior Court it is determined that the reported Virginia conviction is valid, the order of the Department should be affirmed. *Barnhill, J., later C.J.*, in *In re Wright, supra*, on rehearing, said "A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee may not be deprived save in the manner and upon the conditions prescribed by statute. These, under express provisions of the Act, include full *de novo* review by a Superior Court judge, at the election of the licensee, in all cases except where the suspension or revocation is mandatory. *S. v. McDaniels*, 219 N.C. 763."

It is mandatory under the provisions of G.S. 20-17 (2) for the Department to revoke the license of a citizen of this State who has been convicted in a court of competent jurisdiction in North Carolina, and whose conviction is final, of driving a motor vehicle upon a public highway or street in this State while under the influence of intoxicating liquor or a narcotic drug. In such case the period of revocation shall be as provided in G.S. 20-19.

There is no right of judicial review when the revocation is mandatory pursuant to the provisions of G.S. 20-17. *Fox v. Scheidt, Commissioner*, 241 N.C. 31, 84 S.E. 2d 259.

There is no merit in the petitioner's contention that if the Virginia conviction is held to be valid that the date of the permanent revocation of his license should be from 29 August 1956 instead of 29 October 1956. A revocation based on a second offense for driving while under the influence of intoxicating liquor or a narcotic drug must be for a period of three years, and the effective date of the revocation for such period should not begin prior to the date of the second conviction. Likewise, when a license is permanently revoked, the effective date of such revocation should not be earlier than the date of the conviction for the third offense.

In our opinion the court below committed error in sustaining the respondent's demurrer *ore tenus*, and we so hold. Hence, the ruling is
    Reversed.