KENNETH AARON BEAVER v. EDWARD SCHEIDT,
COMMISSIONER OF MOTOR VEHICLES.

(Filed 14 January, 1960.)

**1. Automobiles § 2—**

Where the Department of Motor Vehicles has in its files certificates showing two separate convictions of a person of operating a motor vehicle in excess of 55 m. p. h., the Department has authority to suspend such person's license, and its act in doing so is not void, G.S. 20-16 (a). If the suspension by the Department was due to a mistake of law or fact such person's remedy is by application for a hearing under G.S. 20-16 (c) or by application to the Superior Court under G.S. 20-25, but he may not contemptuously disregard the order of suspension.

**2. Same—**

Where the Department of Motor Vehicles has notified a driver of the suspension of his license because of two convictions of speeding, G.S. 20-16 (9), the Department properly complies with the statutory mandate by adding an additional period of suspension on notification of the conviction of such person of operating a vehicle without a license during the term of suspension, and properly adds another period of suspension for a second conviction of this offense, notwithstanding any error in the certification of one of the convictions for speeding, such person having failed to follow the statutory procedure to show that the original suspension was erroneous.

HIGGINS, J., took no part in the consideration or decision of this case.

APPEAL by petitioner from *Armstrong, J.,* September 14, 1959 Civil Term, of FORSYTH.

This action was begun 26 June 1959. Petitioner seeks *certiorari* to review and vacate an order of the Department of Motor Vehicles (hereafter called Department) made 6 August 1958 suspending his license to operate a motor vehicle for a period of two years beginning 1 June 1959.

Respondent demurred to the petition for failure to state facts sufficient to justify the relief sought. The demurrer was sustained and petitioner appealed.

*Eugene H. Phillips for petitioner, appellant.*
*Attorney General Seawell and Assistant Attorney General Pullen for respondent, appellee.*

RODMAN, J.   The facts alleged and stipulated by the parties necessary for a determination of this appeal are: (1) On 4 November 1957 the recorder's court of Orange County certified to the Department that petitioner was on that date convicted of speeding at 70 m.p.h. on 16 October 1957. (2) On 2 November 1957 the clerk of the general county court of Alamance County certified to the Department that petitioner was, on 28 October 1957, convicted of "speeding in excess of 55 miles per hour," which offense occurred on 16 October 1957, and that a fine of $5 had been imposed and petitioner taxed with the costs. (3) On 27 November 1957 the Commissioner of Motor Vehicles issued his "OFFICIAL NOTICE AND RECORD OF SUSPENSION OF LICENSE" of petitioner; the date of suspension as given was 1 December 1957 and informed petitioner "you May Apply for a New License June 1, 1958 Provided you have Complied with the Safety Responsibility Laws." The cause of suspension was shown as "Two Offenses of Speeding Over 55 m.p.h., G.S. 20-16(9) 1: October 28, 1957 2: November 4, 1957." The following appears on the notice of suspension: "The above named person will take notice that the law forbids said person to drive a motor vehicle upon the highways of the state during the period of suspension." (4) On 6 February 1958 the municipal court for Winston-Salem certified to the Department that petitioner was, on 4 February 1958, convicted of having on 20 January 1958 operated his motor vehicle after his license had been suspended. (5) On 19 February 1958 the Commissioner issued his official notice and record of suspension of petitioner's driver's license for a period of one year beginning 1 June 1959, the date the prior suspension terminated. This notice likewise warned petitioner not to drive a motor vehicle on the highways during the period of suspension. (6) On 28 July 1958 the municipal court of Winston-Salem certified to the Department that petitioner had been charged with operating a motor vehicle on 14 July 1958 while his license was suspended and had been convicted of the offense on 28 July 1958.

Upon receipt of the July notice of conviction, the Department, on 6 August, issued notice of suspension of petitioner's license for an additional period of two years, such suspension to begin 1 June 1959. This order of suspension is asserted by the petitioner to be invalid.

In addition to the facts stated above, the petition alleges with respect to the certification by the Alamance County court:

"11. Actually the full entry of the Alamance Court as initially made and at the time the first report thereof was submitted to the respondent by the Clerk of said court was as follows:

" 'Number 43674 *STATE vs. KENNETH AARON BEAVER.* Speeding in excess of 55 miles per hour. Plead guilty. Let prayer for judgment be continued on condition that defendant pay fine of $5.00 and cost.'

"12. Subsequent thereto the judgment entry of the Alamance County Court was corrected to read as follows:

" 'Number 43674 *STATE vs. KENNETH AARON BEAVER.* Speeding 70 miles per hour in 60 mile zone. Plead guilty. Let prayer for judgment be continued on condition defendant pay fine of $5.00 and cost.' "

Certification of the judgment as corrected was made to the Department on 8 April 1959.

Error is here asserted on the assumption that the suspension in effect from 1 December 1957 to 1 June 1958 was void. Therefore the first suspension for operating without a license was void and such suspension afforded no basis for a second suspension for the second conviction of operating without a license.

To support his theory, petitioner contends: The Legislature in 1957 (G.S. 20-141(b) 5) permitted the operation of motor vehicles on certain roads at speeds up to 60 m.p.h. The road on which he was driving in Alamance County on 17 October 1957 was a road on which speeds up to 60 m.p.h. were lawful. Hence his plea of guilty to "Speeding 70 miles per hour in a 60 mile zone" as shown by the copy of the amended judgment furnished the Department on 8 April 1959 was not an admission of a violation of the law. Licenses, as he argues, cannot be suspended under G.S. 20-16(a)(9) for excessive speed on a road where a speed up to 60 m.p.h. is permissive, and as to such roads, suspension can only be effected because of speed in excess of 75 m.p.h. as authorized by G.S. 20-16(a)10. Hence he says there was only one legal conviction for speeding in excess of 55 m.p.h., that is, the conviction in Orange County; and since two such legal convictions are necessary, the Department was without authority to suspend the license in November 1957.

It is not now necessary to determine the effect of the 1957 amendment (G.S. 20-141(b) 5) on G.S. 20-16(a) 9. It is sufficient to decide that the action of the Department in suspending the operator's license was not void.

The Department is authorized to suspend an operator's license "upon a showing by its records or other satisfactory evidence that

licensee" had been convicted of specified offenses. G.S. 20-16(a). It is here established by allegation and stipulation that when petitioner's license was originally suspended, the Department had in its files certifications from two courts of this State showing convictions in each court on charges of operating his motor vehicle on 16 October 1957 in excess of 55 m.p.h. This evidence was sufficient to authorize the Department to act. Having authority to suspend, it necessarily follows that the suspension was not void. *Carmichael v. Scheidt*, 249 N.C. 472, 106 S.E. 2d 685; *Winesett v. Scheidt*, 239 N.C. 190, 79 S.E. 2d 501; *Atlantic Coast Line R. Co. v. Florida*, 295 U.S. 301, 79 L. Ed. 1451.

If petitioner had been improperly deprived of his license by the Department due to a mistake of law or fact, his remedy was to apply for a hearing as provided by G.S. 20-16(c) or by application to the Superior Court as permitted by G.S. 20-25. At a hearing held pursuant to either of these statutory provisions he would be permitted to show that the suspension was erroneous. *In re Wright*, 228 N.C. 301, 45 S.E. 2d 370, s.c., 228 N.C. 584, 46 S.E. 2d 696. Petitioner could not contemptuously ignore the quasi-judicial determination made by the Department.

A license is required of one who operates a motor vehicle on the highways of this State. G.S. 20-7; *S. v. Correll*, 232 N.C. 696, 62 S.E. 2d 82. Conviction of operating a motor vehicle when operator's license has been suspended makes mandatory an additional suspension of his license, G.S. 20-28. Since the original suspension made in 1957 was binding and enforceable until vacated in the manner provided by law, the Department properly complied with the statutory provision by adding an additional period of suspension on his first conviction for operating without a license, and upon his second conviction for operating without a license the Department properly suspended the license for the additional period required by the statute.

The judgment is

Affirmed.

HIGGINS, J., took no part in the consideration or decision of this case.