IN THE MATTER OF THE CANCELLATION OR SUSPENSION OF THE OPERATOR'S LICENSE OF JOHN LINARD AUSTIN

No. 6929SC293

(Filed 13 August 1969)

1. Automobiles § 2—   revocation of driver's license — review

Discretionary revocation of a driver's license is reviewable under the provisions of G.S. 20-25, but mandatory revocations are not reviewable.

2. Automobiles § 2—   revocation of license — conviction of driving under influence

Revocation of petitioner's driver's license for four years upon receipt of record of his second conviction for driving under the influence of intoxicating liquor is mandatory. G.S. 20-17(2), G.S. 20-19.

3. Automobiles § 2—   mandatory revocation — review in superior court

Where the original revocation of petitioner's driver's license for a second conviction of driving under the influence of intoxicating liquor is mandatory under G.S. 20-17, the superior court is without authority to hear a petition and render a judgment revoking or modifying the revocation. G.S. 20-25.

**4. Automobiles § 2— illegal denial of license — review in superior court**

If a petitioner is unlawfully and illegally denied a license upon a hearing on a petition for reinstatement of his license, the judge of the superior court, upon proper allegations in a petition and proper notice to the respondent as provided in G.S. 20-25, is authorized to take testimony, examine the facts of the case, and determine whether petitioner was illegally and unlawfully denied a license under provisions of the Uniform Driver's License Act.

**5. Automobiles § 1— authority to issue license**

Where driver's license is revoked for four years upon a second conviction for driving under the influence of intoxicating liquor, authority to issue a new license after the expiration of two years is granted to the Department of Motor Vehicles, not to the courts. G.S. 20-19(d).

**6. Automobiles § 2— revocation of license — review in superior court — rescission of revocation**

In the absence of evidence that the revocation of petitioner's driver's license upon a second conviction of driving while intoxicated was not mandatory or that petitioner was unlawfully and illegally denied a license, it was error for the superior court to enter an order rescinding the revocation of petitioner's license and requiring Department of Motor Vehicles to return petitioner's license forthwith.

**7. Automobiles § 2— revocation of license — review in superior court — notice to Department**

Letter of petitioner's attorney to the Chief Hearing officer of the Department of Motor Vehicles informing him that petitioner "desires to appeal to the Superior Court of Henderson County which convenes on December 16, 1968" the action of the Department in denying petitioner's application for reinstatement of his license, is held not to comply with the provisions of G.S. 20-25 requiring 30 days written notice to the Department.

ON *certiorari* to review judgment of *Collier, J.,* 9 December 1968 Criminal Session of Superior Court held in HENDERSON County.

From the record it appears that John Linard Austin's driver's license was revoked for a period of four years on 12 September 1966. The revocation was imposed for a second conviction of driving while under the influence of intoxicating liquor. On 27 September 1968, at Austin's request, a hearing was held by the Department of Motor Vehicles to consider reinstatement of petitioner's license. Austin's request for reinstatement of his license was denied for the reason that he had failed to provide satisfactory proof of good behavior for the period required by law and that his conduct and attitude were not such as to entitle him to favorable consideration for restoration of his driver's license. On 8 October 1968, Austin filed a petition in the Superior Court to review the action of the Department of Motor Vehicles. This petition was filed allegedly pursuant

to G.S. 20-25. By letter of 8 October 1968, petitioner's counsel forwarded a copy of the petition to the chief hearing officer of the Department of Motor Vehicles. The letter states that Austin "desires to appeal to the Superior Court of Henderson County which convenes on December 16, 1968." On 24 October 1968 respondent filed a reply to the petition denying the material allegation thereon and alleging, among other things, "that the petitioner herein was arrested and found guilty of public drunkenness in the City of Hendersonville on May 18, 1968, June 9, 1968, and September 9, 1968," and praying for a dismissal of the action. On 18 December 1968, without notice to the respondent, the trial court undertook to hear this matter which was not on the court calendar. No notice was given to the respondent of the hearing other than the statement of petitioner's counsel in a letter dated 8 October 1968 to the Chief Hearing Officer of the N. C. Department of Motor Vehicles which reads as follows:

"Pursuant to your order dated September 30, 1968 regarding the cancellation or suspension of the driving privilege of John Linard Austin, you will take notice that Mr. Austin desires to appeal to the Superior Court of Henderson County which convenes on December 16, 1968.

I am enclosing copy of the petition which has been duly filed in the Superior Court, for your convenience, which I presume you will deliver to the Department of Justice for attention.

I shall be glad to work with the Department of Justice and have this matter set for a day certain."

Respondent did not take part in this proceeding. After receiving three affidavits in behalf of the petitioner, the trial court entered the following judgment:

"This cause coming on to be heard before the undersigned judge presiding and holding the courts of the 29th Judicial District of North Carolina, and being heard upon the petition herein filed, and the answer or reply filed by the Department of Motor Vehicles, and being heard upon sworn testimony introduced in open court, it is therefore,

CONSIDERED, ORDERED AND ADJUDGED that the order entered by the Department of Motor Vehicles of the State of North Carolina, revoking or suspending the operator's license of John Linden (sic) Austin be and the same is hereby recinded (sic); that the Department of Motor Vehicles shall immediately and forthwith return to John Linden (sic) Austin

his operator's license. However, the operation of any motor vehicle by the said John Linden( sic) Austin is hereby restricted in that he is permitted to operate a motor vehicle and drive same to his work and from his work and operate a motor vehicle in connection with his work, but he shall not operate any motor vehicle for pleasure or upon the highways of the State of North Carolina, except in the promotion and the operation of his business until September 12, 1970.

This the 18th day of December, 1968."

The Department of Motor Vehicles had no notice of the entry of this judgment until 8 January 1969 when it received a copy together with a letter from petitioner's counsel requesting a return of Austin's driver's license. The time for appeal having already expired, the respondent filed a petition for certiorari which was allowed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Arthur J. Redden for petitioner.*

MALLARD, C.J.

G.S. 20-25 provides:

"Any person denied a license or whose license has been cancelled, suspended or revoked by the Department, *except where such cancellation is mandatory under the provisions of this article,* shall have a right to file a petition within thirty (30) days thereafter for a hearing in the matter in the superior court of the county wherein such person shall reside, or to the resident judge of the district or judge holding court of that district, or special or emergency judge holding a court in such district in which the violation was committed, and such court or judge is hereby vested with jurisdiction and it shall be its or his duty to set the matter for hearing upon thirty (30) days' written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this article." (Emphasis added).

[1]  Discretionary revocation of a driver's license is reviewable under the provisions of G.S. 20-25, but mandatory revocations are not. *Underwood v. Howland, Comr. of Motor Vehicles,* 274 N.C. 473, 164 S.E. 2d 2 (1968). G.S. 20-17(2) provides that the Department

of Motor Vehicles (Department) shall forthwith revoke the license of one whose conviction for driving under the influence of intoxicating liquor has become final.

"It is mandatory under the provisions of G.S. 20-17(2) for the Department to revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for 'driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug.'" *Carmichael v. Scheidt, Comr. of Motor Vehicles,* 249 N.C. 472, 106 S.E. 2d 685 (1959).

[2]    In this case, it was mandatory that the Department of Motor Vehicles revoke the license of petitioner upon receipt of a record of his conviction for driving under the influence of intoxicating liquor. Where there is a mandatory revocation under the provisions of G.S. 20-17(2) "the period of revocation shall be as provided in G.S. 20-19." *Carmichael v. Scheidt, Comr. of Motor Vehicles, supra.* G.S. 20-19(d) provides in part:

"When a license is revoked because of a second conviction for driving under the influence of intoxicating liquor or a narcotic drug, occurring within three years after a prior conviction, the period of revocation shall be four years; provided, that the Department may, after the expiration of two years, issue a new license upon satisfactory proof that the former licensee has been of good behavior for the past two years and that his conduct and attitude are such as to entitle him to favorable consideration and upon such terms and conditions which the Department may see fit to impose for the balance of said period of revocation; . . ."

[3]    It is clear from the statute that the petitioner's license was mandatorily revoked for a period of four years. "There is no right of judicial review when the revocation is mandatory pursuant to the provisions of G.S. 20-17." *Carmichael v. Scheidt, Comr. of Motor Vehicles, supra.* Since the original revocation of petitioner's license was mandatory under the provisions of G.S. 20-17, the superior court was without authority to hear a petition and render a judgment revoking or modifying the mandatory revocation in this case; however, it appears that the petitioner also sought review by the Superior Court of the order of the Chief Hearing Officer of the North Carolina Department of Motor Vehicles after the hearing on 27 September 1968. This order, as alleged in the petition filed 8 October 1968 which allegation was not denied, reads as follows:

"As a result of a recent hearing, the Department has decided

that the revocation of the above mentioned person's driving privilege will remain in effect until 12 September, 1970.

> Signed, J. Reece Welch,
> Chief Hearing Officer."

In his petition to the Superior Court petitioner alleges and the respondent denies:

"That more than three years has elapsed since the petitioner's license was revoked or suspended and that he presented to the Hearing Officer in Henderson County, North Carolina an affidavit of his good character and also produced evidence that he had not operated a motor vehicle on the highways of the State of North Carolina for more than three years. That the Department perfunctorily and arbitrarily, illegally and unlawfully continued the revocation of the petitioner's driving privilege until the 12th day of September, 1970, without considering any evidence of the petitioner whatsoever."

[4] We think that if a petitioner is *unlawfully and illegally* denied a license upon a hearing on a petition for reinstatement of his license, the judge of the Superior Court, upon proper allegations in a petition and proper notice to the respondent as provided in G.S. 20-25 is authorized to take testimony, examine into the facts of the case, and determine whether the petitioner was illegally and unlawfully denied a license under the provisions of the Uniform Driver's License Act.

[5] Before the Department is permitted to issue to the former licensee a new license, two years must have elapsed from the beginning of the period of mandatory revocation and the Department must find "upon satisfactory proof that the former licensee has been of good behavior for the past two years and that his conduct and attitude are such as to entitle him to favorable consideration." After that has been determined the Department may impose such terms and conditions as it sees fit for the remainder of the revocation period. Reinstatement, or the receipt of a new license during the revocation period, is not a legal right of the defendant but an act of grace which the General Assembly permits, but does not require, the Department to apply. The authority to exercise or apply this act of grace is granted to the Department, not to the courts. G.S. 20-19(d).

The petitioner by alleging that he had produced an affidavit of his good character and also had produced evidence that he had not operated a motor vehicle on the highways of the State of North Carolina for more than three years does not support his conclusion

that the Department "perfunctorily and arbitrarily, illegally and un-lawfully continued the revocation of the petitioner's driving privi-lege. . . ."

[6]   Petitioner offered no evidence in Superior Court in support of his allegations that the revocation was not mandatory or that he was unlawfully and illegally denied a license.

It was error for the Superior Court to enter the order rescinding the revocation of petitioner's license and requiring the Department to "forthwith return to John Linden (sic) Austin his operator's li-cense."

[7]   It was also error for the judge of the Superior. Court to pro-ceed to hear this matter without giving the Department notice of the hearing as required by G.S. 20-25. The letter of the petitioner's attorney informing the Chief Hearing Officer of the Department that the petitioner "desires to appeal to the Superior Court of Hen-derson County which convenes on December 16, 1968" does not comply with the provisions of the statute requiring 30 days written notice to the Department.

The judgment of the Superior Court is

Reversed.

BRITT and PARKER, JJ., concur.