169 S.E.2d 20 (1969)
5 N.C. App. 575
In the Matter of the Cancellation or Suspension of the Operator's License of John Linard AUSTIN.
No. 6929SC293.
Court of Appeals of North Carolina.
August 13, 1969.
*22 Atty. Gen. Robert Morgan, Asst. Atty. Gen. William W. Melvin and Staff Atty. T. Buie Costen, Raleigh, for the State.
Arthur J. Redden, Hendersonville, for petitioner.
MALLARD, Chief Judge.
G.S. § 20-25 provides:
"Any person denied a license or whose license has been cancelled, suspended or revoked by the Department, except where such cancellation is mandatory under the provisions of this article, shall have a right to file a petition within thirty (30) days thereafter for a hearing in the matter in the superior court of the county wherein such person shall reside, or to the resident judge of the district or judge holding court of that district, or special or emergency judge holding a court in such district in which the violation was committed, and such court or judge is hereby vested with jurisdiction and it shall be its or his duty to set the matter for hearing upon thirty (30) days' written notice to the Department, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license under the provisions of this article." (Emphasis added).
Discretionary revocation of a driver's license is reviewable under the provisions of G.S. § 20-25, but mandatory revocations are not. Underwood v. Howland, Comr. of Motor Vehicles, 274 N.C. 473, 164 S.E.2d 2 (1968). G.S. § 20-17(2) provides that the Department of Motor Vehicles (Department) shall forthwith revoke the license of one whose conviction for driving under the influence of intoxicating liquor has become final.
"It is mandatory under the provisions of G.S. § 20-17(2) for the Department to revoke the license of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for `driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug.'" Carmichael v. Scheidt, Comr. of Motor Vehicles, 249 N.C. 472, 106 S.E.2d 685 (1959).
In this case, it was mandatory that the Department of Motor Vehicles revoke the license of petitioner upon receipt of a record of his conviction for driving under the influence of intoxicating liquor. Where there is a mandatory revocation under the provisions of G.S. § 20-17(2) "the period of revocation shall be as provided in G.S. § 20-19." Carmichael v. Scheidt, Comr. of Motor Vehicles, supra. G.S. § 20-19(d) provides in part:
"When a license is revoked because of a second conviction for driving under the influence of intoxicating liquor or a narcotic drug, occurring within three years after a prior conviction, the period of revocation shall be four years; provided, that the Department may, after the expiration of two years, issue a new license upon satisfactory proof that the former licensee has been of good behavior for the past two years and that his conduct and attitude are such as to entitle him to favorable consideration and upon such terms and conditions which the Department may see fit to impose for the balance of said period of revocation; * * *."
It is clear from the statute that the petitioner's license was mandatorily revoked for a period of four years. "There is no right of judicial review when the revocation is mandatory pursuant to the *23 provisions of G.S. § 20-17." Carmichael v. Scheidt, Comr. of Motor Vehicles, supra. Since the original revocation of petitioner's license was mandatory under the provisions of G.S. § 20-17, the superior court was without authority to hear a petition and render a judgment revoking or modifying the mandatory revocation in this case; however, it appears that the petitioner also sought review by the Superior Court of the order of the Chief Hearing Officer of the North Carolina Department of Motor Vehicles after the hearing on 27 September 1968. This order, as alleged in the petition filed 8 October 1968 which allegation was not denied, reads as follows:
"As a result of a recent hearing, the Department has decided that the revocation of the above mentioned person's driving privilege will remain in effect until 12 September, 1970.
 Signed, J. Reece Welch,
 Chief Hearing Officer."
In his petition to the Superior Court petitioner alleges and the respondent denies:
"That more than three years has elapsed since the petitioner's license was revoked or suspended and that he presented to the Hearing Officer in Henderson County, North Carolina an affidavit of his good character and also produced evidence that he had not operated a motor vehicle on the highways of the State of North Carolina for more than three years. That the Department perfunctorily and arbitrarily, illegally and unlawfully continued the revocation of the petitioner's driving privilege until the 12th day of September, 1970, without considering any evidence of the petitioner whatsoever."
We think that if a petitioner is unlawfully and illegally denied a license upon a hearing on a petition for reinstatement of his license, the judge of the Superior Court, upon proper allegations in a petition and proper notice to the respondent as provided in G.S. § 20-25 is authorized to take testimony, examine into the facts of the case, and determine whether the petitioner was illegally and unlawfully denied a license under the provisions of the Uniform Driver's License Act.
Before the Department is permitted to issue to the former licensee a new license, two years must have elapsed from the beginning of the period of mandatory revocation and the Department must find "upon satisfactory proof that the former licensee has been of good behavior for the past two years and that his conduct and attitude are such as to entitle him to favorable consideration." After that has been determined the Department may impose such terms and conditions as it sees fit for the remainder of the revocation period. Reinstatement, or the receipt of a new license during the revocation period is not a legal right of the defendant but an act of grace which the General Assembly permits, but does not require, the Department to apply. The authority to exercise or apply this act of grace is granted to the Department not to the courts. G.S. § 20-19(d).
The petitioner by alleging that he had produced an affidavit of his good character and also had produced evidence that he had not operated a motor vehicle on the highways of the State of North Carolina for more than three years does not support his conclusion that the Department "perfunctorily and arbitrarily, illegally and unlawfully continued the revocation of the petitioner's driving privilege. * * *"
Petitioner offered no evidence in Superior Court in support of his allegations that the revocation was not mandatory or that he was unlawfully and illegally denied a license.
It was error for the Superior Court to enter the order rescinding the revocation of petitioner's license and requiring the Department *24 to "forthwith return to John Linden (sic) Austin his operator's license."
It was also error for the judge of the Superior Court to proceed to hear this matter without giving the Department notice of the hearing as required by G.S. § 20-25. The letter of the petitioner's attorney informing the Chief Hearing Officer of the Department that the petitioner "desires to appeal to the Superior Court of Henderson County which convenes on December 16, 1968" does not comply with the provisions of the statute requiring 30 days written notice to the Department.
The judgment of the Superior Court is
Reversed.
BRITT and FRANK M. PARKER, JJ., concur.