ALFRED PRESCOTT NOYES v. ELBERT L. PETERS, JR.

No. 783SC499

(Filed 17 April 1979)

**Automobiles § 2.6— driving while license suspended—mandatory revocation of license—review by Division of Motor Vehicles—no jurisdiction in superior court**

Where petitioner was convicted of driving while his license was suspended in violation of G.S. 20-28, the revocation of his driver's license was mandatory, and the exercise of the limited discretion by the Division of Motor Vehicles under G.S. 20-28(a), upon recommendation of the trial court and the district attorney, to determine whether the additional period of suspension should be modified did not change the mandatory nature of the revocation; therefore, the superior court had no jurisdiction under G.S. 20-25 to review the additional suspension.

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 27 February 1978 in Superior Court, CARTERET County. Heard in the Court of Appeals 5 March 1979.

In October of 1976 petitioner's driver's license was revoked for one year. On 22 July 1977 he was charged with driving while license suspended (G.S. 20-28); he entered a plea of nolo contendere and was fined $200 and costs. Pursuant to G.S. 20-28(a) the trial judge and district attorney recommended in writing to the Division of Motor Vehicles that the Division examine the facts of the case and exercise discretion in suspending or revoking petitioner's license for the additional period provided by the statute. The Division held a hearing and revoked the petitioner's license for the additional year provided for by the statute. Petitioner appealed this decision to superior court pursuant to G.S. 20-25,

alleging that the actions of the respondent were "arbitrary, capricious, calloused and intended to deny the Plaintiff due process of law," and that the purported hearing held by respondent was intended merely to comply with the statute, respondent having no intention to modify the period of revocation of petitioner's license. The trial court found that the revocation was justified and dismissed petitioner's action. Petitioner appeals.

*Mason & Phillips, by L. Patten Mason, for petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General William B. Ray and Deputy Attorney General William W. Melvin, for respondent appellee.*

ARNOLD, Judge.

Petitioner correctly maintains that a plea of nolo contendere in a criminal action cannot be an admission of guilt in additional proceedings. He is also correct in arguing *Winesett v. Scheidt, Comr. of Motor Vehicles*, 239 N.C. 190, 79 S.E. 2d 501 (1954), for the proposition that where the Division has discretion under G.S. 20-16 to suspend driving privileges the Division cannot use a no contest plea as the basis for suspension.

However, as the State points out, the petitioner's license was revoked here pursuant to G.S. 20-28 and not G.S. 20-16. There was thus a mandatory additional revocation of his license. See *Beaver v. Scheidt, Comr. of Motor Vehicles*, 251 N.C. 671, 111 S.E. 2d 881 (1960).

There is no discretion by the Division under G.S. 20-28 unless the judge and district attorney recommend in writing that the "Division examine into the facts." The Division's limited discretion, once such recommendation is made, is not to determine whether petitioner was guilty of violating G.S. 20-28, this determination already having been made before the Division could exercise any discretion. The limited discretion of the Division is then to "examine into the facts . . . and exercise discretion in suspending or revoking the driver's license for the additional periods . . . , and [the Division] may impose a lesser period of additional suspension or revocation . . . or may refrain from imposing any additional period."

Since petitioner was convicted of violating G.S. 20-28 the revocation of his license was mandatory, and the exercise of limited discretion by the Division under G.S. 20-28(a) does not change the mandatory character of the revocation. G.S. 20-25, under which petitioner purported to petition the Superior Court for a hearing in the matter, does not provide for such a hearing "where such cancellation is mandatory under the provisions of this Article." Therefore, there was no jurisdiction under G.S. 20-25 in the Superior Court, or, consequently, in this Court. The appeal is

Dismissed.

Chief Judge MORRIS and Judge CLARK concur.