JAMES SIDNEY DAVIS v. WILLIAM S. HIATT, COMMISSIONER, NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 8810SC517

(Filed 7 February 1989)

1. Automobiles and Other Vehicles § 2.4— revocation of license for driving while impaired—jurisdiction of superior court to review DMV

   The superior court had jurisdiction to review an order of revocation of a driver's license issued by the Division of Motor Vehicles to petitioner because N.C.G.S. § 150B-1(c) states that the provisions of Chapter 150B shall apply to every agency except where a statute makes specific provisions to the contrary, DOT/DMV is not excepted from the Article IV "judicial review" provisions and N.C.G.S. § 150B-43 therefore applies to DMV, N.C.G.S. § 150B-43 provides for judicial review of a final decision in a contested case after exhaustion of all administrative remedies unless adequate procedure for judicial review is provided by another statute, the DMV's order revoking petitioner's license was a final decision in a contested case, and N.C.G.S. § 20-25 does not provide for judicial review of mandatory revocations.

2. Automobiles and Other Vehicles § 2.4— revocation of driving license—driving while impaired—effect of prior no contest plea

   A plea of no contest on a previous charge of driving while impaired did not qualify as a prior conviction for purposes of license revocation under N.C.G.S. § 20-17(2) and 20-19(e) because the no contest plea was not entered in the case at bar but in another charge some three and one-half years earlier. The no contest plea does not establish the fact of guilt for any other purpose than that of the case to which it is entered, so that DMV could have used the no contest plea as the basis for mandatory revocation only if petitioner had pled no contest to the offense which precipitated the revocation.

APPEAL by respondent from *McLelland, Judge.* Judgment entered 25 March 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 27 October 1988.

This is an appeal from an order reversing an order of the Division of Motor Vehicles (DMV). The record reveals that petitioner was charged with driving while under the influence of intoxicating liquor on 8 October 1978. After entering a plea of not guilty, petitioner was found guilty and judgment was entered. On 12 August 1983 petitioner was charged with driving while under the influence of intoxicating liquor. Petitioner pled no contest to that charge and judgment was entered. On 4 April 1987 petitioner was charged with driving while subject to an impairing substance. Petitioner pled guilty to the charge and judgment was entered on

19 October 1987. The trial court granted petitioner a limited driving privilege. The DMV notified petitioner that his driver's license was permanently revoked by the DMV pursuant to G.S. 20-17(2) and 20-19(e). Within thirty days of receiving written notice of the DMV's order, petitioner filed a petition in Wake County Superior Court for review of the revocation order issued by the DMV. The petitioner also obtained an order which temporarily restrained the DMV from suspending the limited driving privilege granted petitioner. After a hearing, the trial court found that the DMV's order of revocation was based on an error of law because the DMV considered a no contest plea on a charge of driving under the influence to be a prior conviction. The trial court reversed the order of revocation and remanded to the DMV for entry of an order for a one-year revocation as provided by law. Respondent DMV appeals.

*George R. Barrett for the petitioner-appellee.*

*Attorney General Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the Division of Motor Vehicles, respondent-appellant.*

EAGLES, Judge.

[1] The threshold issue in this case is whether the superior court had jurisdiction to review the order of revocation issued by the Division of Motor Vehicles (DMV) to petitioner. G.S. 20-25 provides statutory authority for judicial review of drivers' license revocations by the DMV. The statute states that

> [a]ny person denied a license or whose license has been canceled, suspended or revoked by the Division, except where such cancellation is mandatory under the provisions of this Article, shall have a right to file a petition within 30 days thereafter for a hearing in the matter in the superior court . . . .

G.S. 20-25.

G.S. 20-17(2) provides for mandatory revocation of a driver's license by the DMV when, among other things, DMV receives notice of the driver's conviction for impaired driving under G.S. 20-138.1. The period of revocation is provided in G.S. 20-19. G.S. 20-16 provides for instances when the DMV can exercise its dis-

cretion in suspending one's license. It is uncontroverted that the DMV revoked petitioner's license pursuant to G.S. 20-17(2) and 20-19(e), a mandatory revocation. Therefore, there is no provision in G.S. 20-25 giving petitioner the right to have his revocation reviewed by the superior court. *See Mintz v. Scheidt,* 241 N.C. 268, 84 S.E. 2d 882 (1954) (action of superior court in reversing DMV's mandatory revocation of petitioner's driver's license based on no contest plea was void *ab initio* because superior court was without jurisdiction).

Alternatively, petitioner contends that G.S. 150B-43 provides statutory authorization for review by the superior court of the DMV's action. Chapter 150B of the North Carolina General Statutes is the Administrative Procedure Act. G.S. 150B-1(c) states that the provisions of Chapter 150B "shall apply to every agency" except where a statute makes specific provisions to the contrary. G.S. 150B-1(d) makes specific exceptions. The only exceptions pertaining to the Department of Transportation, of which the DMV is a part, are exceptions from portions of the Rule Making and Administrative Hearings Articles. The DOT/DMV is not excepted from the Article 4 "Judicial Review" provisions. Accordingly, G.S. 150B-43 applies to the DMV.

G.S. 150B-43 provides for judicial review of a final decision in a contested case after exhaustion of all administrative remedies available to an aggrieved party. However, the provisions for review do not apply if "adequate procedure for judicial review is provided by another statute." G.S. 150B-43. The DMV's order revoking petitioner's license was a final decision in a contested case. The DMV alleged in its answer to petitioner's complaint that "G.S. 20-25 does not provide for an appeal" of petitioner's license revocation because the revocation was mandatory. A contested case is an agency proceeding that determines the rights of a party or parties. G.S. 150B-2(2); *Lloyd v. Babb,* 296 N.C. 416, 424-25, 251 S.E. 2d 843, 850 (1979). Furthermore, as we have stated, there is no provision for judicial review of "mandatory" revocations under G.S. 20-25. Therefore, pursuant to G.S. 150B-43, the superior court had jurisdiction to review the order of revocation.

[2] The issue presented to the superior court was whether a no contest plea on a previous charge of driving while impaired quali-

fied as a prior conviction for purposes of the DMV's permanent revocation under G.S. 20-17(2) and 20-19(e) for a third or subsequent conviction. A plea of no contest has the effect of a guilty plea for the purposes of that case only. *Winesett v. Scheidt*, 239 N.C. 190, 79 S.E. 2d 501 (1954). However, the basic characteristic of the plea of no contest that differentiates it from a guilty plea is that, while the no contest plea may be followed by a sentence, the no contest plea does not establish the fact of guilt for any other purpose than that of the case to which it is entered. *Id.* Had the offense for which petitioner pled no contest been the one that precipitated the DMV's mandatory revocation, there is no question that the DMV could use the no contest plea as the basis for its action. *See Fox v. Scheidt*, 241 N.C. 31, 84 S.E. 2d 259 (1954). Where mandatory revocation is achieved in the "same case" as the case where the no contest plea is entered, the DMV may base its revocation on the no contest plea. *Id.* In the case at bar, however, the no contest plea was not entered in the "same case" as the revocation proceeding. The revocation at issue here was ordered following petitioner's guilty plea on a charge of driving while impaired. The no contest plea was entered on another charge some three and one-half years earlier. Because the no contest plea was not entered in the same case as the revocation at issue here, it was incorrectly considered by the DMV as a prior conviction.

For the reasons stated, the order of the superior court reversing the DMV's order of revocation and remanding the case to the DMV for a one-year revocation as required by law is affirmed.

Affirmed.

Judges BECTON and GREENE concur.