PENUEL v. HIATT

[97 N.C. App. 616 (1990)]

LARRY JAMES PENUEL v. WILLIAM S. HIATT, COMMISSIONER NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 894SC679

(Filed 20 March 1990)

1. **Automobiles and Other Vehicles § 2.3 (NCI3d)— revocation of license for impaired driving—revocation mandatory—no judicial review**

    The revocation of a driver's license pursuant to N.C.G.S. § 20-17(2) by the DMV upon receiving a record of such driver's conviction of impaired driving under N.C.G.S. § 20-138.1 is mandatory, and the fact that the DMV may conditionally restore a person's license after three years provided the person meets the requirements of N.C.G.S. § 20-19(e)(1) and (2) does not change the character of the revocation from mandatory to discretionary; therefore, the revocation of petitioner's license could not be reviewed by the superior court pursuant to N.C.G.S. § 20-25, as that statute allows judicial review only of discretionary revocations and suspensions.

    **Am Jur 2d, Automobiles and Highway Traffic §§ 133, 144.**

2. **Automobiles and Other Vehicles § 2.3 (NCI3d)— mandatory revocation of license — reinstatment denied — no judicial review**

    The superior court did not have jurisdiction to review the DMV's denial of reinstatment of petitioner's license pursuant to N.C.G.S. § 150B-43, because, once a driver's license has been mandatorily revoked and a petitioner unsuccessfully seeks to have the license reinstated by the DMV, no superior court review of the denial is mandated unless the denial was arbitrary or illegal, since reinstatement is not a legal right but is an act of grace.

    **Am Jur 2d, Automobiles and Highway Traffic §§ 133, 144.**

    Judge JOHNSON concurring in the result.

APPEAL by respondent from Orders entered 12 April 1989 by *Judge James R. Strickland* in ONSLOW County Superior Court. Heard in the Court of Appeals 6 February 1990.

This is an appeal from an order requiring the Division of Motor Vehicles (hereinafter DMV) to conditionally restore the driving

privileges of petitioner. The record discloses the following: On 13 June 1985 petitioner's North Carolina driving privileges were permanently revoked after petitioner was convicted of driving while impaired for the third time. On 7 July 1988 petitioner requested a hearing pursuant to N.C. Gen. Stat. § 20-19(e) to have his license conditionally restored. A restoration hearing was convened on 17 November 1988 and after reviewing the evidence presented the three hearing officers denied petitioner's request for a conditional restoration of his driver's license. Thereafter, petitioner filed a petition in Onslow County Superior Court for review of the DMV's denial of his request. After a hearing, the trial court found that the denial by the DMV was an arbitrary, capricious act and was in disregard of the laws contained in N.C. Gen. Stat. § 20-19(e). The trial court further found that petitioner is entitled to a conditional restoration of his license and ordered the DMV to conditionally restore it. Respondent DMV appealed.

*Warlick, Milsted, Dotson & Carter, by John T. Carter, Jr., for petitioner, appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the Division of Motor Vehicles, respondent, appellant.*

ARNOLD, Judge.

[1]   The sole issue in this case is whether the superior court had jurisdiction to review the DMV's denial of petitioner's request for conditional restoration of his driver's license pursuant to N.C. Gen. Stat. § 20-19(e). Respondent DMV argues that since petitioner's license was originally mandatorily revoked under N.C. Gen. Stat. § 20-17, petitioner is not entitled to an appeal.

N.C. Gen. Stat. § 20-25 provides statutory authority for judicial review of license revocations by the DMV. N.C. Gen. Stat. § 20-25 in pertinent part provides:

> Any person denied a license or whose license has been canceled, suspended or revoked by the Division, except where such cancellation is mandatory under the provisions of this Article, shall have a right to file a petition within 30 days thereafter for a hearing in the matter in the superior court . . . .

It is well settled that discretionary revocations and suspensions may be reviewed by a superior court under N.C. Gen. Stat. § 20-25,

PENUEL v. HIATT

[97 N.C. App. 616 (1990)]

while mandatory revocations and suspensions may not. *Underwood v. Howland, Comr. of Motor Vehicles*, 274 N.C. 473, 476, 164 S.E.2d 2, 5 (1968).

N.C. Gen. Stat. § 20-17(2) provides for the mandatory revocation of a driver's license by the DMV upon receiving a record of such driver's conviction of impaired driving under N.C. Gen. Stat. § 20-138.1. N.C. Gen. Stat. § 20-19(e), which is applicable here, provides for mandatory permanent revocation when a person's license has been revoked under N.C. Gen. Stat. § 20-17(2). However, the DMV may conditionally restore a person's license after three years provided the person meets the requirements of N.C. Gen. Stat. § 20-19(e)(1) and (2).

In the case *sub judice* petitioner asserts that because the DMV *may* restore his driving privileges after three years, this changes the character of the revocation from mandatory to discretionary; thus, review by the superior court could be obtained pursuant to N.C. Gen. Stat. § 20-25. We disagree.

This Court held in *In re Austin*, 5 N.C. App. 575, 579, 169 S.E.2d 20, 23 (1969), that since the original revocation of the petitioner's license under the provisions of N.C. Gen. Stat. § 20-17 was mandatory, the superior court was without authority to hear a petition and render a judgment revoking or modifying the mandatory revocation in that case. However, the Court went on to say that if a petitioner is unlawfully and illegally denied a license upon a hearing on a petition for reinstatement of his license, the superior court, upon proper allegations in a petition and proper notice to the respondent, is authorized to take testimony, examine into the facts of the case, and determine whether the petitioner was illegally and unlawfully denied a license by the DMV. *Id.* at 580, 169 S.E.2d at 23.

In the present case petitioner introduced evidence at both the DMV hearing and the hearing before the superior court that he had not been convicted of a motor vehicle offense, an alcoholic beverage control law offense, a drug law offense, or any criminal offense involving the consumption of alcohol or drugs during the past three years and also that he was not currently an excessive user of alcohol or drugs as required by N.C. Gen. Stat. § 20-19(e)(1) and (2) in order to have his license conditionally restored. Petitioner here, like the petitioner in *Austin*, offered no support for the alleged conclusion that the DMV's denial of a conditional restoration

of his license was an arbitrary and capricious act, and was in disregard of the law set forth in N.C. Gen. Stat. § 20-19. Therefore, we hold it was error for the superior court to enter the order requiring the DMV to conditionally restore petitioner's driving privileges.

[2] Furthermore, we hold petitioner's argument that the superior court has jurisdiction to review this administrative decision pursuant to N.C. Gen. Stat. § 150B-43 to be without merit. N.C. Gen. Stat. § 150B-43 provides for judicial review of a final decision in a contested case after exhaustion of all administrative remedies available to an aggrieved party.

This Court in *Davis v. Hiatt*, 92 N.C. App. 748, 750, 376 S.E.2d 44, 46, *disc. rev. allowed*, 324 N.C. 577, 381 S.E.2d 772 (1989), held that N.C. Gen. Stat. § 150B-43 grants jurisdiction to the superior court to review an order of revocation where the revocation is mandatory. The Court found that N.C. Gen. Stat. § 150B-43 allowed review of the *original* mandatory revocation because no adequate procedure for judicial review was provided for pursuant to the provisions of N.C. Gen. Stat. § 20-25. *See id. Davis* is clearly distinguishable from the present case. A contested case within the meaning applicable to N.C. Gen. Stat. § 150B-43 is an agency proceeding that determines the rights of a party or parties. *See* N.C. Gen. Stat. § 150B-2(2). A license to operate a motor vehicle is a privilege in the nature of a right of which the licensee may not be deprived except in the manner and upon the conditions prescribed by statute. *Underwood* at 476, 164 S.E.2d at 5. When a license has been mandatorily revoked the rights of the licensee have been determined by the DMV, and therefore the determination is subject to review by the superior court pursuant to N.C. Gen. Stat. § 150B-43. *See Davis* at 750, 376 S.E.2d at 46. On the other hand, once this right has been mandatorily revoked and a petitioner unsuccessfully seeks to have the license reinstated by the DMV, no superior court review of the denial is mandated unless the denial was arbitrary or illegal, because reinstatement is not a legal right but is an act of grace. *See Austin* at 580, 169 S.E.2d at 23. The legislature permits, but does not require, the DMV to restore a petitioner's driving privileges. *Id.* "The authority to exercise or apply this act of grace is granted to the [Division], not to the courts." *Id.*

Since the superior court had no jurisdiction to order the Division of Motor Vehicles to restore petitioner's driver's license, the decision of the superior court is vacated and the proceeding is remanded to the superior court for entry of an order reinstating the order of the Division of Motor Vehicles denying the restoration of petitioner's driver's license.

Vacated and remanded.

Judge ORR concurs.

Judge JOHNSON concurs in the result.

Judge JOHNSON concurring in the result.

I concur in the result reached by the majority opinion but write separately because I believe the majority misperceives the holding of *In re Austin*, 5 N.C. App. 575, 169 S.E.2d 20 (1969).

This Court in *Austin* stated the following:

> We think that if a petitioner is *unlawfully and illegally* denied a license upon a hearing on a petition for reinstatement of his license, the judge of the Superior Court, upon proper allegations in a petition and proper notice to the respondent as provided in G.S. [sec.] 20-25 is authorized to take testimony, examine into the facts of the case, and determine whether the petitioner was illegally and unlawfully denied a license under the provisions of the Uniform Driver's License Act.

*Id.* at 580, 169 S.E.2d at 23 (emphasis in original). The *Austin* Court went on to find that under the facts before it that the superior court erred in ordering the DMV to reinstate the petitioner's license because he had failed to offer evidence either that "the revocation was not mandatory or that he was unlawfully and illegally denied a license." *Id.* at 581, 169 S.E.2d at 23. Therefore, this Court reversed the decision of the superior court not because it found that the superior court had no jurisdiction to examine the denial of petitioner's reinstatement, but because petitioner failed to put on evidence that the DMV acted unlawfully and illegally in the denial.

I read *Austin* to hold that denial of reinstatement by the DMV after mandatory revocation may only be reversed in superior court if the DMV acted unlawfully and illegally. I find implicit in

this that, upon proper allegations and notice to respondent, the superior court has jurisdiction to review the denial of a petition for reinstatement.

Because I am bound by what I perceive to be the meaning of *Austin*, I must conclude that the superior court had jurisdiction in this case. At the same time, however, I believe the majority opinion is correct in concluding that the DMV did not act illegally in denying petitioner's request for reinstatement. For that reason I agree with the majority's conclusion that the superior court order should be vacated.