LARRY JAMES PENUEL v. WILLIAM S. HIATT, COMMISSIONER NORTH CAROLINA DIVISION OF MOTOR VEHICLES

No. 894SC679

(Filed 4 September 1990)

**Automobiles and Other Vehicles § 113 (NCI4th)— mandatory revocation of driver's license—superior court review by certiorari**

The superior court had authority to review the mandatory revocation of petitioner's driver's license by a writ of certiorari.

**Am Jur 2d, Automobiles and Highway Traffic § 144.**

APPEAL by respondent from Orders entered 12 April 1989 by *Judge James R. Strickland* in ONSLOW County Superior Court. Heard in the Court of Appeals 6 February 1990.

The facts of this case are set out in *Penuel v. Hiatt*, 97 N.C. App. 616, 389 S.E.2d 289 (1990). On 16 July 1990, petitioner filed a petition to rehear pursuant to Rule 31 of the North Carolina Rules of Appellate Procedure. This Court granted the petition to rehear on 31 July 1990.

*Warlick, Milsted, Dotson & Carter, by John T. Carter, Jr., for petitioner appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Mabel Y. Bullock, for the Division of Motor Vehicles, respondent appellant.*

ARNOLD, Judge.

In the decision reported in *Penuel v. Hiatt*, 97 N.C. App. 616, 389 S.E.2d 289 (1990), this Court vacated the order of the superior court directing the Division of Motor Vehicles [hereinafter DMV] to restore petitioner's driving privileges. This Court then remanded the proceeding to the superior court for entry of an order reinstating the order of the DMV denying the restoration of petitioner's driving privileges. This decision was based on our reasoning that the superior court had no jurisdiction to review the DMV's order denying petitioner's request for conditional restoration of his driving privileges. We held that the superior court did not have jurisdiction because N.C. Gen. Stat. § 20-25 did not provide for superior court review of mandatory license revocations and also because petitioner had

**PENUEL v. HIATT**

[100 N.C. App. 268 (1990)]

failed to show any arbitrary or capricious act by the DMV in denying the restoration.

After our opinion in *Penuel* was filed, our Supreme Court addressed the issue of whether a superior court has authority to review mandatory license revocations by the DMV. In *Davis v. Hiatt*, 326 N.C. 462, 390 S.E.2d 338 (1990), the petitioner's driving privileges were permanently revoked by the respondent-Commissioner pursuant to N.C. Gen. Stat. § 20-17(2) and N.C. Gen. Stat. § 20-19(e). The petitioner filed a petition in superior court asking for review of the Commissioner's actions. The respondent answered and moved to dismiss for lack of jurisdiction. The superior court denied the motion to dismiss and held that the respondent erred in permanently revoking the petitioner's driving privileges. Our Supreme Court held that although the petitioner did not have a right to appeal the mandatory revocation under G.S. § 20-25 or under Chapter 150B of the North Carolina General Statutes, the Administrative Procedure Act, the Commissioner's actions could be reviewed by the superior court by writ of certiorari. This is because petition for "*certiorari* is the appropriate process to review the proceedings of inferior courts and of bodies and officers exercising judicial or quasi-judicial functions in cases where no appeal is provided by law." *Davis* at 465, 390 S.E.2d at 340 (quoting *Russ v. Board of Education*, 232 N.C. 128, 130, 59 S.E.2d 589, 591 (1950)). Justice Webb, writing for the Court, stated "that if a petition alleges facts sufficient to establish the right of review on certiorari its validity as a pleading is not impaired by the fact the petitioner does not specifically pray that the court issue a writ of certiorari." *Id.*

In the present case, as in *Davis*, the petitioner pled sufficient facts to show he did not have a right to appeal from a final decision of an agency. He could then petition for a writ of certiorari to have the case reviewed by the superior court. Thus, we hold the superior court did have jurisdiction to review the case. Accordingly, the order of the superior court is affirmed.

Affirmed.

Judges JOHNSON and ORR concur.